## SCIVALLY & HODGES v. DOYLE.

No. 5040.   Opinion Filed July 20, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 618.)

1.  **APPEAL AND ERROR—Service of Summons.** Service of the summons in error on an attorney, who appears, from the journal entry in the trial court, to be one of the attorneys of record for the defendant, is sufficient.

2.  **APPEAL AND ERROR—Case-Made—Notice of Settlement—Authority of Attorney.** An attorney, who appears on the record for a party, can accept service of the case-made, and waive notice of the time and place of its settlement.

3.  **SIGNATURES—Execution—Mark.** Under section 2945, Rev. Laws 1910, in order for one who cannot write to execute a written instrument by mark, the person who writes the name of the maker must also write his own name on the instrument as a witness to the signature, except in the case of a paper executed before a judicial officer, and when the name of the maker is written by one person, and a wholly different person writes his name as a witness, this does not constitute a signature.

4.  **APPEAL AND ERROR—Review—Amendments—Allowance—Discretion.** Amendments are discretionary with the trial court, and its action in allowing or refusing them will not be reviewed by this court, unless there is an abuse of discretion.

(Syllabus by Devereux, C.)

*Error from County Court, Jefferson County;*
*B. T. Price, Judge.*

Action by Scivally & Hodges against C. I. Doyle. Judgment for defendant, and plaintiffs bring error. Affirmed.

*Jones & Green* and *Sigler & Howard,* for plaintiffs in error.

*D. F. Spradling* and *J. T. Coleman,* for defendant in error.

DEVEREUX, C.   A motion has been filed to dismiss the appeal, because no notice of the time and place of settling the case-made was given to the defendant, or her counsel, and there was no waiver of such notice, and because the defendant in error was never served with summons in error, and no copy of the case-made was ever filed with the clerk of the county court.   It appears from the records in this court that a summons in error was issued on April 23, 1913, the day the case was docketed in this court.   It also appears from the case-made that service of the case-made was acknowledged on January 8, 1913, and such acknowledgment is signed, "D. F. Spradling and J. T. Coleman, Attorneys for the Defendant."   It also appears that on January 14, 1913, service of notice of signing and settling the case-made was waived, and it was agreed that the case-made might be settled and signed by the county judge at any time after January 14, 1913, in the absence of counsel for the defendant.   This is signed, "D. F. Spradling and J. T. Coleman, Attorneys for Defendants."

The point of the motion is that Mr. Coleman, who signed the above agreement and waivers, was only employed to try the case in the county court, and had no authority to sign the agreements, or to accept service of the case-made.   The journal entry recites:

"On the 18th day of November, 1912, the above cause comes on to be heard in its regular order.   The plaintiff appeared in person and by attorneys, Cham. Jones and Guy D. Sigler, and the defendant appeared in person and by attorneys, D. F. Spradling and J. T. Coleman," etc.

By section 5238, Rev. L. 1910, it is provided that the summons in error may be served on the attorney of record in the original case.   Summons in error in this

case was served, pursuant to this statute, on one of the attorneys of record. By section 5242, Rev. L. 1910, it is provided that the case-made may be served on the attorney of record. It has been decided repeatedly by this court that a waiver of notice of the time and place of settling and signing the case-made may be signed by the attorney of record for the party. It appears from the journal entry that Mr. Coleman appeared as attorney for the defendant, and service of the case-made on him was sufficient, and a waiver by him of notice of settling of the case-made was sufficient. To hold otherwise would be to set a trap in which the most cautious might be caught, and would enable a litigant to employ counsel, let the record show that he appeared, and after the plaintiffs in error had served their case-made on him and it was too late to make other service, then to repudiate the authority of his attorney, and thus defeat the appeal. This cannot be done. The record in this case was filed in the county court on January 24, 1913, and this is signed by the clerk and attested by the seal of the court. The motion to dismiss should be denied.

We will now proceed to decide the case on its merits. The bill of particulars declares on three promissory notes, alleged to be executed by the defendant in error to the plaintiffs, copies of which notes are attached as exhibits. The answer, which is verified, denies the execution of the notes. The evidence shows that the defendant was an illiterate person, and signed the notes by mark, and that the person who signed her name did not sign his name as a witness. It is provided by section 2945, Rev. Laws 1910, among other things:

"Signatures or subscription includes mark, when the person cannot write, his name being written near it, and

written by a person who writes his own name as a witness."

This section has been construed by this court, and it is held that the mark of one who cannot write is not a signature or subscription, unless the person writing his name writes his own name as a witness under it. *Sivils v. Taylor*, 12 Okla. 47, 69 Pac. 867; *Sims v. Hedges*, 32 Okla. 683, 123 Pac. 155; *Walker Bond & Co. v. Purifier*, 32 Okla. 844, 124 Pac. 322; *Dyal v. Norton*, 47 Okla. 794, 150 Pac. 703. This was not done in this case, and the instrument was not executed before a judicial officer, so as to bring it within the exception set out in the above cases.

Application was made to the court below, after all the evidence was in, and after the court had ruled that the purported notes were not executed as required by the statute, to amend the bill of particulars, so as to declare on an open account. This was refused by the court, and in so doing we cannot say that there was any abuse of discretion.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.