## BURR v. GORDON.

No. 8634—Opinion Filed June 11, 1918.

(173 Pac. 527.)

(Syllabus.)

**1. Alteration of Instruments—Deeds— Evidence.**

The evidence upon the issue of the alteration of a deed examined, and held, that the finding of the trial court thereon is not contrary to the weight of the evidence.

**2. Appeal and Error—Trial Amendment— Discretion of Court.**

The allowance of amendments to pleadings during the progress of the trial rests within the sound judicial discretion of the trial court, and action thereon will not be disturbed on appeal unless clear abuse of such discretion is shown.

**3. Appeal and Error—Reversal—Harmless Error.**

A judgment will not be reversed on appeal for error in any matter of pleading or procedure, unless it appears, after an examination of the entire record, that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right of the party complaining.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action to quiet title by M. H. Gordon against J. E. Burr. Judgment for plaintiff in part, motion for new trial overruled, and defendant brings error. Affirmed.

W. H. Bassmann, for plaintiff in error.

C. B. Holtzendorff and P. W. Holtzendoff, for defendant in error.

MILEY, J. This action was commenced in the district court of Rogers county by defendant in error, M. H. Gordon, as plaintiff therein, against plaintiff in error, J. E. Burr, as defendant therein. The parties will be herein designated as they were in the trial court. In the petition the plaintiff alleged that he was the owner and in the actual and peaceable possession of several tracts of real estate situated in Rogers county, particularly described therein; that on the 2d day of April, 1914, the plaintiff executed and delivered to the defendant his certain warranty deed conveying to defendant a one-third interest in a certain tract of land located in Tulsa county; that after the execution and delivery of the said deed the same was altered without the knowledge or consent of the plaintiff by inserting therein the description of several of the tracts involved in this action, which will be designated for sake of brevity as "group A," by which it was made to appear that the plaintiff conveyed to the defendant an undivided one-half interest in the said tracts of land; that after the said deed had been so altered, the defendant caused the same to be recorded in Rogers and Tulsa counties, thereby casting a cloud on plaintiff's title to the said tracts of land. It was also alleged that thereafter the defendant executed and caused to be recorded in Rogers county an affidavit in which he claimed in substance to be the owner of an undivided one-half interest in the remaining tracts involved in the action, which, for convenience, will be designated as "group B," and that the said affidavit and the record thereof constitute a cloud on the plaintiff's title. The plaintiff prayed that the said deed, in so far as it appeared to convey title to an undivided one-half interest in the tracts designated as "group A," and the record of said affidavit in which the defendant claimed title adverse to the plaintiff to the tracts designated as "group B," be canceled and removed as clouds upon the plaintiff's title, and also that the plaintiff be adjudged the owner of all the said tracts of land, and that the defendant had no right, valid claim, or title therein, nor any interest whatsoever; that the title of plaintiff be quieted, and defendant perpetually barred and enjoined from setting up or asserting any title or interest adverse to the plaintiff. For answer the defendant denied the title of plaintiff to one-half interest in the land, asserting legal title thereto in himself, denied the alteration of the deed as alleged, and admitted that the affidavit was executed and recorded as alleged. Upon trial of the issues to the court it appeared that the legal title to all of the land in controversy was in plaintiff; and the court found that by the deed as executed and delivered by plaintiff to defendant there was conveyed only an undivided one-third interest in the tract of land in Tulsa county, and after its execution and delivery the same was materially altered without the knowledge or consent of the plaintiff so as to make it appear that the undivided one-half interest in the tracts designated as "group A" was conveyed thereby, and also that the affidavit was executed and recorded in which the defendant claimed an undivided one-half interest adverse to the plaintiff in the tracts designated as "group B," and judgment was rendered on the findings that the description of an undivided one-half interest in the tracts designated as "group A" in said deed and the record thereof be canceled and removed as clouds upon the title to the tracts designated as "group A," and that the record of said affidavit be canceled and removed as a cloud on the title in and to the tracts designated as "group B," and the defendant was enjoined from claiming any title to the said tracts under and by virtue of said deed and affidavit. But the court refused to quiet the title of plaintiff against any other claims of the defendant, and denied either party any further relief. Motion for new trial having been overruled, the defendant brings the case here.

It is first contended that the finding that the deed was altered and changed is clearly against the weight of the evidence. It appears from the record that the parties were associated in certain land transactions under a verbal agreement. The defendant would work up the deals for the purchase of land; the plaintiff paying his expenses and

usually furnishing all of the purchase price. Titles to the land purchased were taken in plaintiff's name; he agreeing that, when defendant repaid him half the purchase price, he would convey to defendant a half interest in the land. The defendant testified that the land designated as "group A" was purchased under this agreement, and that on April 1, 1914, he and the plaintiff had a settlement of all their transactions up to that date, and that the deed was prepared, executed, and delivered conveying to defendant not only the one-third interest in the Tulsa county land, but also the one-half interest in the several tracts of land designated as "group A." He expressly denied that the deed had been altered or changed after its execution and delivery. While the testimony of the plaintiff as to the transactions leading to the execution of the deed was not very clear, yet he testified very positively and explicitly that he had agreed to convey to the defendant only an undivided one-third interest in the tract in Tulsa county, and that the deed when executed and delivered by him described only that tract, and that the description of an undivided one-half interest in the tracts designated as "group A" was inserted in the deed after same was executed and delivered, and that he had no knowledge that same had been done until after the deed was recorded more than a year later. The record of the notary who took the acknowledgment describes only the Tulsa county tract, and did not include the tracts designated as "group A." The evidence is conflicting. The witnesses were all before the trial court, and he was enabled by their appearance, demeanor, etc., to better judge their credibility. The original instrument was also before the court, and in the findings reference is made to the appearance thereof, indicating that the description of the tracts designated as "group A" was not written at the same time as the description of the tract in Tulsa county. The original was not brought up with the record, and hence we are unable to examine it. Under these circumstances we are uable to say that the finding of the trial court on this issue was against the weight of the evidence.

Recording the affidavit of defendant, in which he claimed ownership of an interest in the tracts designated as "group B," was not authorized by law, and whatever claim defendant may have had thereto could not properly be asserted by that method. It was proper to purge the deed records of the unauthorized record of this instrument.

Application was made by the defendant to the court near the close of the trial, and again after the evidence was all taken, for leave to amend his answer, setting up an oral agreement under which it was alleged the land was purchased and title taken in name of plaintiff. The application was refused, which is assigned as error. The allowance of amendments to pleadings during the progress of the trial rests within the sound judicial discretion of the trial court, and action thereon will not be reviewed on appeal unless clear abuse thereof is shown. Joines v. Combs, 38 Okla. 380, 132 Pac. 1115; Cohee v. Turner & Wiggins, 37 Okla. 778, 132 Pac. 1082; Scivally & Hodges v. Doyle, 50 Okla. 275, 151 Pac. 618.

It does not appear to us that the rights of the defendant were prejudiced or that the trial court abused its discretion in this instance in refusing to permit the amendment.

Under the state of the pleadings the defendant was not entitled to affirmative relief against the plaintiff. While the latter might have done so, the former cannot be heard to complain that the rights of the parties under the alleged oral agreement were not adjudicated. The defendant was not prejudiced as to any right he may have thereunder by the decree, which was so framed as not to bar any claims except those arising under the altered deed and the improperly recorded affidavit.

It appearing that the finding that the deed was altered, and the decree based thereon is not contrary to the weight of the evidence, and it not appearing that the other errors complained of have probably resulted in a miscarriage of justice, or constitute a substantial violation of a constitutional or statutory right of the plaintiff in error, the judgment will be affirmed.

All the Justices concur.