Ex parte PLAISTRIDGE.

No. 9249—Opinion Filed June 11, 1918.

(173 Pac. 646.)

(Syllabus.)

1. Habeas Corpus—Review—Irregularities of Procedure.

This court on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure, or errors of law

on questions over which the court had jurisdiction.

## 2. Habeas Corpus—"Court of Competent Jurisdiction."

A court of competent jurisdiction is one having power and authority of law at the time of acting to do the particular act.

## 3. Habeas Corpus — Inquiry in Supreme Court—Statute.

Section 4893, Rev. Laws 1910, limits inquiry on habeas corpus to whether the district court which rendered judgment had jurisdiction of the parties and subject-matter and authority of law at the time of acting to render the judgment complained of.

Error from District Court, Carter County; W. F. Freeman, Judge.

Original petition for habeas corpus by C. H. Plaistridge. Writ discharged, and petitioner remanded to the custody of the sheriff of Carter county.

Sigler & Howard, for petitioner.

S. M. Davis, for Mattie E. Plaistridge.

HARDY, J. C. H. Plaistridge was committed to the county jail of Carter county by the judge of the district court for refusing in open court to obey an order theretofore made requiring him to pay certain sums to his wife as court costs and expenses of suit in an action for divorce, and files an original petition wherein he prays a writ of habeas corpus and urges as reasons for his discharge: First, that the judgment under which he was committed is void because not supported by sufficient pleadings; and second, that he was denied a jury trial when brought before the court to show cause why he had not complied with the order. The order was entered at the trial of an action for divorce brought by himself against his wife upon the hearing of which demurrer was sustained to the testimony, and his prayer for divorce denied. Counsel for plaintiff insist that the order was void because the court was without jurisdiction to make the order after it had held that the evidence was insufficient to entitle plaintiff to a decree of divorce, and that alimony cannot be decreed except for causes for which a divorce might be granted. Under section 4967, Rev. Laws 1910, where a divorce is refused on the application of the husband, the court may require the husband to pay such reasonable expenses of the wife in the prosecution or defense of the action as may be just and proper. This section was sufficient authority for the making of the order complained of.

In support of the second proposition it is urged that the failure to comply with the former order of the court constitutes constructive as distinguished from direct contempt, and petitioner was entitled to trial by jury.

In Wells v. Wells, 46 Okla. 88, 148 Pac. 723, it was held that disobedience of an order to pay alimony and counsel fees in a divorce suit constitutes indirect as distinguished from direct contempt.

Section 2277 defines "direct contempts" to be disorderly or insolent behavior committed during the session of the court and in its immediate view and presence, and the "unlawful and willful refusal of any person to be sworn as a witness," and the "refusal to answer any legal or proper question," and "any breach of the peace, noise or disturbance so near to it as to interrupt its proceedings." And "indirect contempts" are defined to be "willful disobedience of any process or order lawfully issued or made by the court; resistance willfully offered by any person to the execution of a lawful order or process of a court."

Under this decision and the statute quoted the facts recited in the journal entry show petitioner to be guilty of an indirect contempt.

Under section 4893, Rev. Laws 1910, the scope of our inquiry is limited to the question whether the district court of Carter county had jurisdiction of the subject-matter and of the parties, and the authority of law at the time of acting to render the judgment complained of. Ex parte Talley, 4 Okla. Cr. 398, 112 Pac. 36, 31 L. R. A. (N. S.) 805; Ex parte Justus, 3 Okla. Cr. 111, 104 Pac. 933, 25 L. R. A. (N. S.) 483.

A court of competent jurisdiction is one having power and authority of law at the time of acting to do the particular act. The district court had power and authority of law to punish for contempt, and the writ of habeas corpus cannot be used to perform the office of a writ of error, and its use must be limited to cases in which the judgment and sentence of the court is clearly void. In re Patswald, 5 Okla. 789, 50 Pac. 139; Ex parte Talley, supra.

We will not inquire into the correctness of the order directing petitioner to pay his wife the sum awarded as that is a matter which must be reviewed on appeal. Ex parte Justus, 3 Okla. Cr. 111, 104 Pac. 933, 25 L. R. A. (N. S.) 483.

The facts recited in the judgment clearly constitute contempt, and the court had jurisdiction to punish petitioner therefor.

It is true as contended that he was entitled to a jury trial because the facts recited constitute an indirect as distinguished from a direct contempt. Section 2279, Rev. Laws 1910. But the refusal of the court to award a trial by jury constitutes an irregularity which does not defeat the jurisdiction or render the judgment void.

It is generally held that in all those cases where a trial by jury does not constitute an essential part of due process of law it may be waived by the party, and an erroneous refusal to grant a trial by jury in such cases constitutes an irregularity merely. In re Miller, 82 Cal. 454, 22 Pac. 1113; Ex parte Brandon, 49 Ark. 143, 4 S. W. 452; In re Fife, 110 Cal. 8, 42 Pac. 299; In re Hackett, 53 Vt. 345; Lowery v. Howard, 103 Ind. 440, 3 N. E. 124; Williams v. Hert et al., 157 Ind. 211, 60 N. E. 1067, 87 Am. St. Rep. 203; Turney v. Barr, 75 Iowa, 758, 38 N. W. 550; Kelly v. People, 115 Ill. 583, 4 N. E. 644,56 Am. Rep. 184; Madden v. Smeltz, 2 Ohio Cir. Ct. Rep. 168. See note to State v. Pratt, 11 Ann. Cas. 1049.

The case of In re McQuown, 19 Okla. 347, 91 Pac. 689, 11 L. R. A. (N. S.) 1136, is not in conflict with the views here expressed. Petitioner in that case had been convicted for a violation of the game law, which was a public offense triable by jury at the common law, and the court held that under the statute in force a jury trial could not be waived.

In the case at bar petitioner was not convicted of a public offense, but the proceeding against him was civil in its nature, and the imprisonment was not imposed as a punishment for any offense committed by him, but was remedial in its nature, and was imposed for the purpose of coercing defendant to do that which he was commanded to do. Gompers v. Buck B. & R. Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874. The right to a trial by jury was statutory, and might be had upon demand being made therefor. If no demand was made, the court might properly try the case.

In Ex parte Sullivan, 10 Okla. Cr. 165, 138 Pac. 815, Ann. Cas. 1916A, 719, petitioner was charged with a criminal contempt and was denied an opportunity to be heard and punishment imposed in violation of section 25 of the Bill of Rights. Likewise in Ex parte Krouch et al., 63 Okla. 105, 162 Pac. 1084, petitioners, in addition to being denied a trial by jury, were also adjudged guilty of contempt and punishment imposed

without an opportunity to be heard, and were properly discharged.

In the case at bar petitioner was afforded an opportunity to be heard and was heard in his own defense, and his defense adjudged insufficient, and punishment only imposed after a full hearing. The court having jurisdiction of the subject-matter and of the parties, and having judicial power to render the judgment complained of, the irregularity in refusing a trial by jury does not defeat the jurisdiction nor render the judgment void, and petitioner is not therefore entitled to be discharged.

We are asked, in event petitioner is not discharged, that we fix the amount of supersedeas bond to be given by petitioner in an appeal prosecuted by him from the judgment committing him for contempt. We cannot in this proceeding make an order in this case, and suggest that upon proper application being made in the case wherein the said appeal is prosecuted due consideration will be given thereto.

The writ is discharged, and petitioner remanded to the custody of the sheriff of Carter county.

All the Justices concur, except BRETT, J., absent. OWEN, J., concurs in conclusion.