### Ex parte LOWERY.

No. 15342—Opinion Filed June 24, 1924.

Rehearing Denied Dec. 2, 1924.

(Syllabus.)

1. **Bastards—Nature of Bastardy Proceeding—Civil Procedure.**

A bastardy proceeding is of a special character in the nature of a civil action, and the Code of Civil Procedure is applicable thereto except where other special procedure is required under the statute.

2. **Same—Bond—Mandamus to Approve—Habeas Corpus.**

Where a bond proper in form and with sufficient sureties is tendered, mandamus to require the approval of such bond and not habeas corpus is the proper remedy.

3. **Same—Supersedeas Bond—Statute.**

The conditions of a supersedeas bond in bastardy proceedings are those provided in subdivision 1 of section 794, Comp. Stat. 1921.

4. **Same—Noncompliance with Order—Contempt Proceeding.**

In a bastardy proceeding, where the defendant has failed to supersede the order of the court and has failed to comply therewith, he may be punished for indirect contempt.

Error from County Court, Tulsa County; John P. Boyd, Judge.

Action by N. M. Lowery for writ of habeas corpus, alleging he is unlawfully restrained and deprived of his liberty by R. D. Sanford, Sheriff of Tulsa County. Application for writ of habeas corpus denied.

John L. Ward and George Paschal, for petitioner.

George F. Short, Atty. Gen., N. W. Gore, Asst. Atty. Gen., and J. M. Goldsberry, Co. Atty., for the State.

WARREN, J. This is an application for a writ of habeas corpus filed in this court by N. M. Lowery, alleging he is unlawfully restrained and deprived of his liberty by R. D. Sanford, sheriff of Tulsa county.

It appears from the verified petition that the petitioner was tried and found guilty of bastardy in the county court of Tulsa county, and pursuant to such conviction, under the provisions of section 8066, Comp. Stat. 1921, an order was made by the county court for the maintenance and support of the child in a lump sum of $200 for expenses incident to the birth, and for $25 per month for support until further order of the court. The court in this order fixed the bond for defendant in the sum of $1,000, conditioned that defendant perform the orders of the court. The defendant perfected an appeal from the conviction to this court, said appeal now being on file herein under No. 15338, but did not give bond on such appeal in any manner. The petitioner alleges that on the 9th day of April, 1924, and within the period required by the court's order, he tendered a bond for $1,000 with sufficient sureties, being in form an appearance bond but that the court refused to accept it because not conditioned as required in its order.

The complainant made application to the county court of Tulsa county for a citation for contempt of court because of the failure of the defendant to comply with the order of the court in paying the sums ordered or to make a proper supersedeas bond therefor. This citation was issued and defendant was placed in jail for contempt. Application was made to the district court of Tulsa county for a writ of habeas corpus, which after considerable delay and sundry proceedings was denied. Petitioner applies for relief to this court. The state, through the Attorney General and the county attorney of Tulsa county, has demurred to the petition of the plaintiff.

A bastardy proceeding is of a special character in the nature of a civil action and

the Code of Civil Procedure is applicable thereto, except where other special procedure is required under the statute. Bell v. Territory, 8 Okla. 75 56 Pac. 853; Wilson v. State, 73 Okla. 227, 175 Pac. 829; Libby v. State, 42 Okla. 603, 142 Pac. 406.

Section 8065. Comp. Stat. 1921, provides for an appearance bond before trial, but such section is a part of the special bastardy chapter, and in no way attempts to govern proceedings after judgment. The defendant has recognized this civil procedure as being proper in his appeal to this court from the judgment of the county court. If an appearance bond had been proper and defendant's theory correct, mandamus would lie to compel the approval of his bond already tendered, and that would have been his proper remedy. Section 446, Comp. Stat. 1921; State ex rel. Stevenson v. McMillan, 21 Okla. 384 96 Pac. 618; Gaines v. Neal, 102 Okla. 20, 227 Pac. 135. Mandamus to compel the approval of the bond and not habeas corpus for his liberty would be the prior and proper action. But imprisonment as a criminal is not the penalty in such a case, and an appearance bond was not proper at this particular phase of the case. Section 8066, Comp. Stat. 1921, provides that execution may issue for such sum or sums and in such manner as the court may direct. The first subdivision of section 794, Comp. Stat. 1921, specifies the form bond to be used, and is as follows:

"When the judgment or final order sought to be reversed directs the payment of money the written undertaking shall be in double the amount of the judgment or order, to the effect that the plaintiff in error will pay the condemnation money and costs, in case the judgment or final order shall be affirmed, in whole or in part."

The defendant having failed to file and have approved a bond so conditioned, he is subject to any lawful proceeding to collect such judgment. An appeal to this court does not operate to supersede the judgment until such judgment is superseded as required by law. State ex rel. Nichols v. Johnson, 58 Okla. 239, 158 Pac. 1129.

As it stands, the judgment is for $200 and $25 per month up to the issuance of the execution or the making of the bond, and as successive liabilities must accrue, sufficient bond should be required in the first instance to cover the accrued liability and that to accrue pending appeal.

The statute further provides (Comp. Stat. 1921, sec. 8067) that the court "may at any time, enlarge, diminish or vacate any order or judgment" under conditions therein

specified. This is therefore not a simple debt, and partakes more of the nature of an order of the district court allowing alimony in a divorce case, much more analogous thereto than an ordinary debt.

This is an order and not a judgment. The defendant is not entitled to jury as to the amount of the order or the manner of its payment. It may be enlarged or diminished at the discretion of the trial judge. Section 8066, denominates the penalty an "order" and provides that the "court shall require the defendant to secure the performance of the order in such manner as the court shall direct." The court always has inherent power in the absence of a statute to punish for the violation of its orders, and there is nothing in the statute to take away this power.

Section 1697, Comp. Stat. 1921, defines direct and indirect contempts. The part defining indirect contempts is as follows:

"Indirect contempts of court shall consist of willful disobedience of any process or order lawfully issued or made by court; resistence willfully offered by any person to the execution of a lawful order or process of a court."

This section was considered by this court in Ex parte Plaistridge, 68 Okla. 256, 173 Pac. 646. This was an application for a writ of habeas corpus by Plaistridge because of his commitment to court for refusal to pay to his wife certain sums ordered by the court as court costs and suit money. The court in denying the writ in syllabus 7 held as follows:

"A proceeding for an indirect contempt is civil in its nature, and the imprisonment is not imposed as a punishment for any offense, but is remedial in its nature, and is imposed for the purpose of coercing defendant to do that which he was commanded to do."

In our chapter on Divorce and Alimony there is not a syllable providing for imprisonment for refusal to obey the order of the court. It is just as silent as is the statute on bastardy and just as eloquent. No difference, yet the refusal to pay alimony or suit money is indirect contempt. The refusal to pay money for the care of legitimate children provided by section 507, Comp. Stat. 1921, is indirect contempt. Why should there be a different rule as to an order to pay money for illegitimate children? Both are orders of the court, neither provides imprisonment as penalty for violation.

It may be argued that because the statute elsewhere provides that a lien shall be created upon the real estate of the accused from the filing of the complaint, it is a

simple debt, but the purpose of this statute is to prevent the accused disposing of his property pending trial and thereby causing a denial of justice. The mere fact that the statute also provides an execution may issue does not argue against the conclusion herein reached. It rather confirms it. Were the nature of the order or judgment the same as an ordinary judgment, no special statute would be necessary. This special statute is only an aid to the court in giving relief in bastardy cases.

The case of Annis v. Bell, 10 Okla. 647, 64 Pac. 11, holds that a person in whose favor such judgment is rendered is not a creditor within the meaning of the law of fraudulent conveyances.

The case of In re Comstock, 10 Okla. 299, 61 Pac. 921, distinguishes the case on the ground that it was not shown or claimed that defendant was in contempt of court. Had contempt proceedings been brought, the court inferentially holds the result would have been different.

The statute on bastardy is brought for the protection of the community as well as for the protection of the mother and child. It would be an absurd proposition to allow a defendant to make an appearance bond, await the outcome of his appeal, and pending his appeal conceal his property or dispose of it for the purpose of avoiding the penalty. When the mandate of affirmance was sent to the court below, he could satisfy the bond by his appearance, and under the theory of petitioner he could not be punished for failure to comply with the court's order.

We, therefore, hold that bastardy proceedings are governed by the chapter on Civil Procedure, except as otherwise provided in the chapter authorizing them; that an appearance bond is only proper before trial; that the bond in a bastardy case after conviction is governed by first subdivision section 794, Comp. Stat. 1921; that where a defendant fails to supersede a judgment, he may be cited for hearing for contempt, and punished therefor if found guilty.

The application for writ is therefore denied.

JOHNSON, C. J., and NICHOLSON, BRANSON, HARRISON, and LYDICK, JJ., concur.