## Ex parte WILLIAMS.

No. 15620—Opinion Filed Aug. 14, 1924.

(Syllabus.)

1. **Habeas Corpus—Inquiry Into Jurisdiction—Correction of Mere Errors.**

Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the question, whether the court in which he was convicted had jurisdiction of his

person and of the crime charged, and if the trial court had jurisdiction to convict and sentence, the writ cannot issue to correct mere errors. (Ex parte Stover, 14 Okla. Cr. 120, 167 Pac. 1000.)

**2. Same—Denial of Jury Trial in Indirect Contempt—Mandamus.**

When a person is charged with indirect contempt, he has a right to trial by jury upon such charge, but the failure to award such jury trial constitutes an irregularity which does not defeat the jurisdiction nor render the judgment void. (Ex parte Plaistridge, 68 Okla. 256, 173 Pac. 646.) In case of the denial of such right, the remedy is by mandamus. (McKee v. DeGraffenreid et al., 33 Okla. 137, 124 Pac. 303.)

Original application of Jeff Williams for discharge upon habeas corpus from imprisonment under order committing applicant to jail for contempt by reason of his refusal to obey order directing payment of costs and suit money in an action for annulment of marriage. Application denied.

Simpson & Ditto, for petitioner.

Gustave A. Erixon and H. F. Tripp, for respondent.

GORDON, J.

### Statement of Case.

The petitioner in this case, Jeff Williams. has invoked the original jurisdiction of this court by suing out a writ of habeas corpus. In his petition he alleges that he is unlawfully imprisoned and restrained of his liberty in the county jail in Oklahoma county. by the sheriff of Oklahoma county; that on April 28, 1924, one Lillian Holcombe filed a suit against him, the said Jeff Williams, for annulment of a purported marriage. and on the same date obtained an order against him to pay $10 as cost deposit, $100 attorney fee, and $50 for the use and benefit of plaintiff; and that thereafter, on May 17, 1924, the district court of Oklahoma county issued a citation requiring him to be and appear before it on May 27, 1924. at 9 o'clock a. m., which citation was not served personally on the defendant, but was left with defendant's father, and that thereafter, on or about July 26, 1924, this defendant was arrested under an attachment issued out of said court, and that on July 31, 1924. the said district court issued an order as follows:

"July 31. Comes on for hearing; defendant adjudged in contempt and committed to jail until order of court is complied with or until the further order of court."

Petitioner further alleges that on the first day of August, 1924 he filed a motion to modify the above order, setting up that he was unable to comply with the same; that on August 1st, the district court set said motion down for hearing on August 2, 1924; and thereafter, on the 2nd day of August, 1924, there were two judges present in the district court of Oklahoma county, neither of whom would take up such motion, and refused to admit the defendant to bail, although the defendant offered to make bail in good and sufficient amount with sufficient surety, and the defendant is still confined in jail. He alleges that his imprisonment is illegal because, first, the court had no authority to commit him for an indefinite term; second, that it had no authority to commit him for failure to comply with an order which defendant was unable to perform; third. that the order is defective in that it fails to state whether it finds the defendant guilty of contempt for not responding to the citation, or for not paying the amount of money ordered to be paid; fourth, that the order is void because it is an imprisonment for debt prohibited by our Constitution; fifth. that the order is void because the defendant was entitled to have his motion to vacate heard and acted on; sixth, that he has had no due process of law; seventh, that he is financially unable to comply with the order; eighth, that the contempt, if any, was an indirect contempt upon which charge he was entitled to trial by jury, which has been demanded and denied; ninth, that one of the judges. on August 2d, fixed petitioner's bail in the amount of $500. but that the other judge, who tried the case, refused to admit petitioner to bail; and, tenth, that redress cannot be had in the district court of Oklahoma, by reason of the fact that he does not hold any final or appealable order, and that his only remedy is by habeas corpus writ. He prays to be discharged from his imprisonment.

To this petition, the respondents have interposed a general and special demurrer, the grounds therefor being, first, that petitioner has no legal capacity or right to prosecute this action or to seek the relief prayed for in his petition; second, that this court has no jurisdiction either of the person or the subject-matter of this action; third, that there is a defect of parties named as respondents in this action; fourth, that several pretended causes of action are improperly joined; fifth, that said petition does not state facts sufficient to constitute a cause of action as to entitle the petitioner to the relief prayed for therein.

As a part of the return of respondents, the original papers in cause No. 42518, pending in the district court of Oklahoma county,

Okla., wherein Lillian Holcombe is plaintiff, and the respondent, Jeff D. Williams, is defendant, have been submitted to this court, together with a certified transcript of the record of proceedings in said court. The decision of this cause must be upon the pleadings, namely, the petition and the demurrer, and the papers and record can serve no purpose save to advise this court of the proceedings under which the petitioner was committed to jail.

It appears from the petition that suit for divorce or annulment of marriage was begun by Lillian Holcombe against the petitioner here as defendant; that in the progress of this suit an order was made by the district court of Oklahoma county, requiring the defendant in that case to pay to the clerk of the court certain sums of money for costs, attorney's fees, and for the use and benefit of the plaintiff. It appears further that this order was not complied with by the defendant, Jeff D. Williams; that said defendant was finally arrested under an attachment issued out of said court, and that on July 31, 1924, a hearing was had upon which the trial court adjudged the defendant in contempt and ordered him committed to jail until the order of the court was complied with, or until further order of court.

While the petitioner sets forth numerous causes upon which he bases his allegations, we deem it unnecessary to consider those allegations which have to do only with errors alleged to have occurred in the progress of the cause in the district court, for the reason that it is so well settled in our court that such errors or irregularities cannot be here inquired into, and we will consider only those grounds charging lack of jurisdiction, or excess of jurisdiction, in the trial court in the making of the order, and while the respondents have included in their demurrer several grounds, we take it from the argument that the only ground of demurrer urged here is that the petition does not state facts sufficient to constitute a cause of action, or to entitle the petitioner to the relief asked for.

#### Opinion.

It appears to be well settled by the decisions of this court that if the trial court had jurisdiction of the person and of the offense, this court will not discharge upon writ of habeas corpus, and errors of the trial court within its jurisdiction can be corrected, as a general rule, only by appeal or writ of error.

In Ex parte Harlan, 1 Okla. 48, the syllabus is as follows:

"1. Habeas Corpus—Discharge. After conviction of perjury, the accused cannot be discharged on habeas corpus, if the trial court had jurisdiction of the person and of the crime, however erroneous its proceedings may be.

"2. Want of Jurisdiction—Judgment Void. If the trial court has no jurisdiction in a criminal case, its judgment is void, and the party convicted and sentenced will be discharged on habeas corpus.

"3. Appeal—Writ of Error. When the trial court has jurisdiction, errors in its proceedings can only be corrected on appeal or writ of error."

In the case of William Taylor v. H. F. Newblack, 5 Okla. 647, Chief Justice Dale says:

"Many decisions are cited for the purpose of showing that all irregularities in the proceedings of the lower court are overlooked in an action of this character, and that the question of the validity of the judgment cannot be inquired into in this manner. We shall not take time to discuss these questions, as we fully concede the proposition that if the court had the power to render the judgment and such judgment upon its face is valid, and also had jurisdiction of the defendant, the relief sought could only be obtained by appeal; but our statute does require us to determine if the restraint be without authority of law, and if we so find, it then becomes our duty to discharge from such custody. (Statutes 1893, sec. 4567.)"

And further, on page 653:

"And there is good reason why the power of the court should thus be upheld. In an action of divorce the law places the property of the litigants under the jurisdiction of the court to make such a division and disposition as to the court may seem proper, and it would seem that after the court had thus obtained jurisdiction, the power to speedily and fully enforce its judgments would follow."

The decision in this case will be adverted to again in this opinion upon the proposition of the validity of the judgment rendered by the trial court. See, also, In re W. R. Hill, 12 Okla. Cr. 335, 156 Pac. 686.

In Ex parte Stover, 14 Okla. Cr. 120, 167 Pac. 1000, the general rule is laid down in the syllabus as follows:

"Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the question whether the court in which he was convicted had jurisdiction of his person and of the crime charged, and if the trial court had jurisdiction to convict and sentence, the writ cannot issue to correct mere errors."

In the case of Ex parte Plaistridge, 68

Okla. 256, 173 Pac. 527, this court, in an opinion by Mr. Justice Hardy, held, upon a question practically on all fours with the question before us here, that this court on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or error of law on questions over which the trial court had jurisdiction. In this opinion Justice Hardy concludes that in a habeas corpus proceeding this court will not inquire into the correctness of the order directing petitioner to pay his wife the sums awarded, as that is a matter which must be reviewed on appeal. (Page 257.)

In this opinion, the former rulings of the court that the scope of the inquiry here is limited to the question, whether the court had jurisdiction of the subject-matter of the parties and authority to render the judgment complained of are reviewed.

In the case at bar, there can be no question that the district court of Oklahoma county had jurisdiction of the cause before it, and jurisdiction over the defendant. Unless, therefore, the court made an order in excess of its jurisdiction, we must deny the petitioner the relief prayed for. And this brings us to the two questions which petitioner appears to rest upon, after eliminating those errors of the trial court, which we have seen cannot be reviewed in this proceeding, and these two questions are, first, whether the order itself is void as being in excess of the jurisdiction of the trial court.

It is not important to us to consider whether the order is drawn with particularity, whether it is vague, uncertain, or indefinite. If it is an order capable of enforcement and not in excess of the jurisdiction of the trial court, it is not void. It is contended by petitioner that this order is void under the decision in the case of William Taylor v. H. F. Newblock, 5 Okla. 647. In that case the syllabus is as follows:

"A judgment or order of court that a defendant stand committed to the county jail until the further order of the court for a contempt in refusing to obey a previous order requiring him to surrender certain promissory notes, adjudged to be the property of another, is illegal and void for uncertainty as to the duration of the punishment, and will not justify the imprisonment."

It will be noted that the order in the Newblock Case, contains no provision whereby the duration of the punishment could be fixed, but the petitioner was simply remanded to jail until the further order of the court. The period of his incarceration does not depend upon time or the happening of any event; in fact, it appears to be contingent upon the will or pleasure of the court pronouncing the sentence.

The order in the case at bar differs from the above in that it provides the termination of the imprisonment upon the payment of the amount ordered paid. And on page 654 of the opinion in the Newblock Case, we find:

"It always has been the theory of law that the punishment should be for a fixed period of time where it is assessed as a penalty, or if the imprisonment is to compel a witness to testify or to compel a person to do a specific act, then the imprisonment is fixed as to the time when he shall obey the order of the court and perform such act. This view of the law is upheld by numerous authorities and is, we think, correct in principle."

In the case of People ex rel. Hempley v. Pirfenbrink, 96 Ill. 68, quoted with approval in the Newblock Case, we find on page 654 of the opinion, as follows:

"All judgments must be specific and certain; they must determine the rights recovered or the penalties imposed. They must be such as the defendant may readily understand and be capable of performing. If his committal had been for a definite period or until he should perform a specific act, then the judgment would have been capable of being reviewed on error, but on such a judgment as this the appellate court cannot know the duration of the imprisonment and determine whether the confinement is reasonable or is oppressive and wrong."

In the case at bar, the order leaves no doubt that the extent of the punishment is imprisonment until the amount fixed in the order shall have been paid. This order, therefore, obviates the objection to the order in the Newblock Case, and we cannot say, under the circumstances, that it is void for uncertainty as to duration.

The remaining question presented is the right of petitioner to trial by jury upon the contempt charge. We are unable to determine from the pleadings and the record whether this application for trial by jury would be held to have been made in due time. The record indicates no appearance by the defendant, petitioner here, until he was brought into court by attachment. And at the time the hearing was had there is nothing to indicate that a demand for trial by jury was made by the defendant, or any one upon his behalf. This is an indirect contempt, and under the provisions of our Constitution and statutes, the defendant was entitled to a trial by jury, if demanded. To

examine here the question whether the trial court had before it a demand for trial by jury, whether the demand, if made, was made in due time, and whether the trial court erred in refusing such demand, if made, would be to go into matters which ought to be raised on appeal, and to investigate errors of the trial court as to matters within the jurisdiction of the court and this would be in violation of the principles governing proceedings of the kind we have here, as laid down in the decisions of this court. It is alleged that demand for trial by jury was made, and the demurrer, of course, confesses this demand, but there is no allegation as to when this demand was made, or whether it was made prior to or at the time the hearing was had on July 31st.

In the case of McKee v. De Graffenried et al., 33 Okla. 137, 124 Pac. 303, decided by Justice Williams, it was held that mandamus would issue to require a judge to grant a trial by jury in such a case. This, of course, where the right was claimed in due time.

In the case of Ex parte Plaistridge, 68 Okla. 256, 173 Pac. 527, the same question of the right to trial by jury was raised, and this court held that the refusal of the trial court to award a trial by jury 'constitutes an irregularity which does not defeat the jurisdiction or render the judgment void. This court further held in that opinion that the right of trial by jury might be waived by the party, and an erroneous refusal to grant such trial constitutes merely an irregularity. (Page 258.)

It therefore appears that the order of imprisonment in this case was not void as being beyond the jurisdiction of the trial court; and, further, that if demand for trial by jury was made in due time, which fact is not alleged, and is rendered very doubtful by the state of the record, a refusal to grant such trial would be an error merely, and not render void the judgment of the trial court. If the petitioner has been aggrieved by a failure to grant a trial by jury, his remedy is to proceed by mandamus to obtain the right granted to him by our law. If the trial court has committed error in the course of the cause, petitioner's remedy is by appeal. And if, as alleged, the trial court has refused and still refuses to grant bail in a reasonable sum, such bail as is reasonable can be fixed upon proper application in a proper proceeding.

It therefore follows that the relief prayed for in the petition herein must be denied. The demurrer of respondent is sustained and the prisoner remanded to the custody of the sheriff.

JOHNSON, C. J., and NICHOLSON, BRANSON, and HARRISON, JJ., concur.