Ex parte MITCHELL.

No. 30198.   May 20, 1941.

*113 P. 2d 979.*

Marion R. Wells, of Wewoka, for petitioner.

Tom Biggers, County Atty., and A. C. Kidd, Asst. County Atty., both of Wewoka, for the State.

BAYLESS, J. Aubrey Mitchell petitions this court for a writ of habeas corpus, alleging that he is illegally restrained of his liberty by virtue of an order of the county court of Seminole county wherein it was adjudged that he was guilty of indirect contempt of court by reason of his neglect, failure, and refusal to comply with an order of that court in a bastardy proceeding to pay money to the complaining witness and to execute a bond to secure the same.

It is stipulated that an application for citation was filed, a citation issued and served upon petitioner, and that petitioner appeared in person and by attorney, at which time he questioned the sufficiency of the allegations of the application for citation, objected to the introduction of any evidence and demanded a jury trial. It is further stipulated that he was overruled on all points, and adjudged guilty of contempt and remanded to the custody of the sheriff. It is further stipulated that his petition to the district court of Seminole county for a writ of habeas corpus was denied.

Relying upon Ex parte Lowery, 107 Okla. 132, 231 P. 86, holding that a man charged with failure to pay money ordered to be paid for the support of his illegitimate child must be proceeded

against as for indirect contempt, and upon Emery v. State, 29 Okla. Cr. 29, 232 P. 128, holding that by virtue of our Constitution a person charged with indirect contempt is entitled to a jury trial upon demand, petitioner asserts that the denial of his demand for a jury trial renders the judgment for his incarceration void.

By virtue of article 2, sec. 25, Constitution of Oklahoma and sections 1956-59, O. S. 1931, 21 O. S. A. §§ 565-68, and many decisions of this court, a person cited for indirect contempt may demand a trial by jury, and his demand must be respected.

Ex parte Lowery, supra, is authority for the rule in Oklahoma that a citation for punishment for failure to comply with an order to pay money for the support of an illegitimate child amounts to a citation for indirect contempt and not direct contempt.

Therefore, petitioner's demand for a jury trial was proper and should have been granted. It was not.

However, we have also said that the act of a court in refusing a demand for jury trial in a proceeding of this kind is not a matter that can be inquired into by habeas corpus. The refusal amounts to no more than an error or irregularity in the trial proceedings, and there is ample remedy by appeal. Ex parte Plaistridge, 68 Okla. 256, 173 P. 646; Ex parte Williams, 102 Okla. 170, 228 P. 494; and Ex parte Bighorse, 178 Okla. 218, 62 P. 2d 487, and other cases.

As pointed out in Ex parte Williams, supra, on authority of McKee v. De Graffenreid, 33 Okla. 136, 124 P. 303, where a demand for jury trial is denied, mandamus can be sought.

We have no occasion to depart from these rules, nor a desire to do so, but the county attorney has made no resistance to this petition, and in fact confessed that the petitioner was erroneously convicted and ordered incarcerated. This is a matter of public concern and this court is not wholly bound by the confession of the county attorney in the light of the decisions cited.

However, this court has decided that in this case it will act upon the confession of the county attorney, and will order the release of the petitioner, conditioned upon petitioner giving a bond to insure his appearance at the hearings to be had on this matter hereafter if he is so ordered.

The general rule is that where the petitioner's incarceration is by virtue of voidable proceedings, and there exists the possibility that he may be seized again and ordered incarcerated by proper and valid orders, the granting of a writ of habeas corpus with respect to the voidable order may be conditioned upon such terms as may make petitioner amenable to the law. 25 C. J. 249; and 29 C. J. 173 § 195 et seq.

It is therefore ordered that petitioner be released from the custody and incarceration of the order complained of, if and when he executes and delivers to the county judge of Seminole county a bond in the penal sum of $500, with two good and sufficient sureties conditioned upon his appearance to answer the citation for contempt herein.

CORN, V. C. J., and RILEY, OSBORN, GIBSON, and ARNOLD, JJ., concur. WELCH, C. J., and HURST and DAVISON, JJ., concur in result.