### Petition of KENNETH M. MYERS.

Docket No. 770724-ADM. Order No. 7971.

Florida Public Service Commission.

September 21, 1977.

Elliott Messer and Robert S. Goldman, both of Tallahassee, for the petitioner.

The following commissioners participated in the disposition of this matter — PAULA F. HAWKINS, Chairman, and Commissioners WILLIAM T. MAYO and WILLIAM H. BEVIS.

## BY THE COMMISSION.

Petitioner is a legislator who practices before us. On November 2, 1976, Article II of the Florida Constitution was amended by adding a new Section 8(e), which provides in pertinent part —

> "No member of the legislature shall personally represent another person or entity for compensation during term of office before any state agency other than judicial tribunals."

Thus, the issue presented is whether the phrase "judicial tribunals" includes this commission. At the outset, we note that petitioner earlier requested an opinion from the Attorney General, who reached the conclusion in AGO 76-242 that this commission is a mere agency and not a judicial tribunal within the meaning of Article II, Section 8(e) of the constitution. Such opinions are not, of course, binding upon us and we do not find the reasoning of this one compelling since it is based on the line of cases which decided whether the existence of this commission squared with the provisions of Article II, Section 6 of the Florida Constitution, a question entirely different from that now before us.

It may be argued that Rule 25-2.13, FAC, which technically petitioner seeks to have interpreted, may in fact be mere surplusage since the right to practice law before the commission is in fact conferred by the Supreme Court under its constitutional authority to govern the practice of law in Florida, and thus may not be subject to governance by this commission. Accordingly, goes the argument, the commission should find there is no justiciable issue and decline to issue a declaratory statement. There are two fundamental flaws in that argument: First, petitioner is seeking a declaratory statement under §120.565, F.S. That statute does not, by its terms, allow the conclusion that there is no justiciable issue. The body petitioned must respond. Second, the major flaw is that the commissioners each individually swear to uphold the constitution and law of Florida. When any individual enters his appearance before the commission, or seeks to file a pleading, we must in fact and theory make a decision to accept or reject that appearance or filing. The commission has been scrupulous in not permitting appearances of persons who are not attorneys in a representative capacity, and has so stated in virtually every case before it. There would appear to be no distinction between the commission's position in such matters and the affirmative and personal duty of the

commissioners to uphold the law when possessed of actual knowledge as they are in this case. The fact is that we are confronted with a decision which requires an interpretation of the constitution.

Thus, it is clear that the basic issue presented is the meaning of the phrase "judicial tribunal." It is obvious that the phrase "judicial tribunal" is not "courts." When dealing with organic law, as expressed in a constitution, it is especially fundamental that every word and phrase must have meaning. The drafters of Article II, Section 8(e) were very capable persons, who must be presumed to know the meanings of words. Since Article V of the constitution, dealing with the judiciary, repeatedly uses the word "courts" to describe the judicial system, the drafters of Article II, Section 8(e) must have meant something different from "courts" when they chose the phrase "judicial tribunal." Equally obviously, other bodies are also included within that phrase.

Several jurisdictions have expressly held that our sister commissions are indeed "judicial tribunals." See *Rockwell Lime Co. v. Illinois Commerce Commission,* 26 NE2d 99 (Ill. 1940) at 107 and the more recent case of *Delaware Coach Co. v. Public Service Commission of State of Delaware,* 265 F.Supp. 648 (USDC Del. 1967) at 652, for example. The Supreme Court of Florida, before which our orders are reviewable, recently held that an *Executive branch* agency was a "judicial tribunal" for purposes of prescribing procedural rules and purposes of review, see In re: *Florida Workmen's Compensation Rules of Procedures,* 285 S.2d 601, (Fla. 1973) and *Scholastic Systems v. LeLoup,* 307 S.2d 166 (Fla. 1974). It is significant that the *Rules* and *Scholastic Systems* cases are both recent and prior in time to passage of Article II, Section 8(e), As to the issue before us, the language of *Scholastic Systems* is express —

> We recently treated the IRC as a judicial body in our opinion at 285 S.2d 601 (Fla. 1973), adopting its Workmen's Compensation Rules of Procedures. In our opinion we delineated the review of workmen's compensation cases by the IRC as "judicial" and expressly recognized the judicial nature of its function. The federal court system has both "Article I courts" and "Article III courts" an example of the former being the tax court. A body may be a "court" without being named within the constitutional article dealing with the judiciary (in the case of our state constitution, Art. V), so long as it fulfills the requirements making it a judicial body of review. Our task is to determine what qualities are necessary in order for a body exercising judicial functions to meet constitutional requirements. *Black's Law Dictionary,* Rev. 4th Ed., informs us that such a body is (p. 425) —
>
>> "A tribunal officially assembled under authority of law at the appropriate time and place, for the administration of justice. In *re Carter's Estate,* 254 Pa. 518, 99 A. 58."

"An agency of the sovereign created by it directly or indirectly under its authority, consisting of one or more officers, established and maintained for the purpose of hearing and determining issues of law and fact regarding legal rights and alleged violations thereof, and of applying the sanctions of the law, authorized to exercise its powers in due course of law at times and places previously determined by lawful authority, *Isbill v. Stoval,* Tex.Civ.App., 92 S.W. 2d 1067, 1070."

and further at p. 426 as —

". . . having power and authority of law at the time of acting to do the particular act. *Ex parte Plaistridge,* 68 Okl. 256, 173 P. 646, 647."

The term "judicial function" is defined by Ballentine's Law Dictionary as (p. 685) —

"A function exercised by the employment of judicial powers."

And, in turn, "judicial power" is defined as (p. 686) —

"That part of the sovereign power which belongs to the courts or, at least, does not belong to the legislative or executive department."

It is a standard canon of statutory construction that the legislature — and drafters of constitutions — are presumed to know the law as it stands on the date of enactment. In view of the foregoing language the drafters of the Sunshine Amendment, must be presumed to have known that an agency which is not part of the judicial branch could be a judicial tribunal. Accordingly, when they chose the words "judicial tribunal" the only possible conclusion is that the amendment was intended to embrace bodies other than the courts of this state; otherwise, the appropriate word would have been "courts," not "judicial tribunal." One word should not be substituted for another when reading the constitution.

Given that the phrase "judicial tribunal" means something more than the courts established in Article V of our constitution, the question then arises whether the phrase includes this commission. If the Industrial Relations Commission, an agency of the Executive branch, is a judicial tribunal, then it would appear compelling that this commission is also a judicial tribunal. The Supreme Court of Florida has expressly held that this commission is part of the "legislative *or judicial* branch of government," see *In Re Advisory Opinion* 223 So.2d 35, Fla. (1969), at 40, which is fully consistent with *Rules* and *Scholastic Systems,* supra. Certainly, this commission fits exactly the definition of a judicial tribunal quoted with approval from *Isbill v. Stovall* in *Scholastic Systems,* supra. It is "an agency of the sovereign . . . consisting of one or more officers," which "determines issues of law and fact regarding legal rights."

We "apply sanctions" and "exercise [our] powers at times and places previously determined."

The procedural rules of this commission are closely akin to, and include, the rules of the circuit courts of Florida, which are, of course, approved by the Supreme Court. Proceedings before this commission are conducted as full adversary proceedings and include all the procedural matters of which the courts of Florida take cognizance. This commission has been vested, like the Industrial Relations Commission, with broad grants of power to regulate the course of its hearings in the same manner as courts, see §§350.59-350.65, F.S., for example. The decisions of both this commission and judges of industrial claims are reported, as are those of courts, but unlike those of mere agencies. It is also germane to note that §§350.59, 350.63, 364.28 and 366.05(1), F.S., among others, *expressly* confer *judicial* powers upon us.

In at least one important respect this commission has judicial powers which considerably exceed those of judges of industrial claims and the Industrial Relations Commission. Under the provisions of §440.33(2), F.S., the judges of the Industrial Relations Commission must go to circuit court to obtain punishment for acts or omissions of contempt before them. This commission is under no such restrictions: the provisions of §§350.61 and 350.59 authorize this commission to punish contempts directly —

> ". . . said commissioners may punish for contempt as in cases of refusal to obey the orders and process of the circuit courts of the state."

Such a power is, obviously, a judicial power, which does not appertain to the other branches of government. This point is reinforced by §11.143(4)(b), F.S., which provides that legislative committees must go to circuit court to obtain punishment for contempt when the legislature is not in session, as required by Article III, Section 5, of the constitution. We also note that, with the creation of the Office of Public Counsel, even rate proceedings before us have become true adversary proceedings and are therefore judicial or at least quasi-judicial. Reference to the Governor's messages proposing the office, as well as the legislative history of its creation and the text of the statutes establishing the Office of the Public Counsel, §§350.061 - 350.0614, F.S., make it very clear that a cardinal intent was to make rate proceedings before us more judicial in character. The similarity to the intent and effect of changes wrought in the Industrial Relations Commission by the 1971 legislature, which resulted in its present judicial status, is obvious.

Finally, this commission shares with the Industrial Relations Commission the distinction that its orders are only reviewable in the Supreme Court by certiorari, rather than in district courts of

appeal as provided by Chaper 120, F.S., for Executive branch agencies.

In summary, it appears obvious that the phrase "judicial tribunal" is not the same as the word "courts" and that the probable result is to include this commission and the Industrial Relations Commission as tribunals before which lawyer-legislators may practice in addition to Article V courts.

There is, however, only one tribunal in Florida which can construe the constitution with finality. This commission is not that tribunal. The Supreme Court of Florida is the only judicial tribunal which can make such a ruling.

Accordingly, we must defer to the Supreme Court the resolution of the constitutional question here presented. In order to provide the proper predicate for resolution of this issue, which will also affect us in cases other than petitioner's, we will make our determination adverse to petitioner.

It is therefore ordered that the petitioner, Kenneth M. Myers, is henceforth prohibited from appearing before us in a representative capacity, and is likewise prohibited from making any filing in any proceeding now or hereafter before us. The commission clerk is instructed accordingly.