STATE of Oklahoma, Appellee,

v.

Steven Kent McCAIN, Appellant.

No. 53300.

Supreme Court of Oklahoma.

Nov. 10, 1981.

17. The effective date of this opinion is the date of its promulgation but if rehearing should be sought, then the date rehearing is denied.

Thomas E. Salisbury, Tulsa, for appellant.

HODGES, Justice.

This is an appeal from a six-member jury verdict in which the appellant, Stephen McCain, was found to be the natural father of a child born out of wedlock. It is asserted by McCain that his constitutional rights have been violated by the court's failure to seat a twelve-member jury, and by the non-unanimous verdict rendered by the six-member jury.

A paternity complaint was filed by Gayla Calhoun, appellee, against McCain on September 14, 1978. At the pre-trial conference, McCain's attorney asked for a jury trial, and it was agreed that a six-member jury would be empaneled. The trial was held on January 10, 1979, and McCain was found to be the father of Ms. Calhoun's child. The verdict was rendered by five of the six jurors.

### I

McCain contends the trial court failed to protect his constitutionally guaranteed right to a twelve-member jury and that a non-unanimous verdict rendered by the six-member jury panel violated due process of law.

The Okla.Const. art. 2, § 19 provides for juries of twelve persons in civil and criminal cases.[1] However, misdemeanors, proceedings for violations of city ordinances, juvenile proceedings, forcible entry and detainer actions, and civil cases involving less than $2,500 must be tried to six person juries. The issue is whether a paternity proceeding is within the ambit of a juvenile proceeding. We find that it is.

Andrew M. Coats, Dist. Atty. and David H. Hardwicke, Asst. Dist. Atty., Oklahoma City, for appellee.

1. Okla.Const. art. 2, § 19 provides in pertinent part:

"... [T]he Legislature may provide for jury trial in cases involving lesser amounts. Juries for the trial of civil and criminal cases shall consist of twelve (12) persons; but in the trial of misdemeanors, proceedings for the violation of ordinances or regulations of cities and towns, juvenile proceedings, actions for forcible entry and detainer, or detention only, of real property and collection of rents therefor, and civil cases concerning causes of action involving less than Twenty-five Hundred Dollars ($2,500.00), juries shall consist of six (6) persons. In civil cases, and in criminal cases less than felonies, three-fourths (3/4) of the whole number of jurors concurring shall have power to render a verdict."

There is historical precedence for the utilization of a six-person jury in paternity proceedings. The Okla.Const. art. 2, § 19 initially provided for six-person juries in county courts.[2] The county courts had jurisdiction of bastardy proceedings[3] until the Children's Court Act was enacted in 1957. Title 20 O.S.Supp.1958 § 867 granted original concurrent jurisdiction to the Children's Court in all cases of adults charged with the paternity of a child born out of wedlock. The Children's Court Act was repealed by Laws 1968, Ch. 282 § 502 and the Juvenile Code was enacted.[4] On July 17, 1968, art. 2, § 19 was amended by vote of the people and the amendment became effective January 13, 1969. Art. 2, § 19 as amended permits juries of six persons in juvenile proceedings. The statute relating to paternity proceedings, 10 O.S.Supp.1974 § 71,[5] is found in the title of Oklahoma Statutes entitled "Children." The purpose of the statute is to provide for the support and welfare of children. The only issue for the jury to determine is the issue of paternity. A paternity action is a juvenile proceeding and, therefore, must be tried before a panel of six jurors. The amount of support in a paternity action is not a question for jury. It is left to the discretion of the court. Those provisions of art. 2, § 19 which require a jury consisting of twelve persons are not applicable to paternity proceedings.

## II

The Oklahoma Constitution provides that in civil cases and in criminal cases less than felonies, three-fourths of the jurors concurring have the power to render a verdict.[6] A paternity action is a hybrid; a special action in the nature of a civil proceeding.[7] The proceeding is prosecuted in the name of the State. It is a civil adjudication of paternity, not a criminal conviction.[8] The defendant, if found guilty, does not go to jail or pay a fine. The proceeding is within the purview of the constitutional provision which permits three-fourths of the members of the jury to render a verdict.

## III

It is also argued that the trial court was without jurisdiction to set child support while this matter is on appeal. This Court has consistently held that the trial court has continuing jurisdiction to determine ancillary matters of support pending appeal.[9] The issue of child support is ancillary to a paternity action. The trial court is vested with jurisdiction to make that determination.[10]

AFFIRMED.

IRWIN, C. J., BARNES, V. C. J., and LAVENDER, DOOLIN, and HARGRAVE, JJ., concur.

2. The Okla.Const. art. 2, § 19 initially provided in pertinent part:
   "The right of a trial by jury shall be and remain inviolate, and a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve (12) persons; but in county courts and courts not of record, a jury shall consist of six (6) persons."

3. *Cummings v. State*, 46 Okla. 51, 148 P. 137, 138 (1915).

4. See 10 O.S.1971 § 1101, et seq.

5. 10 O.S.Supp.1974 § 71 states:
   "Whenever any woman residing in any county of this state is delivered of a child out of wedlock, or is pregnant with a child which if born alive will be a child born out of wedlock, complaint may be made, in writing duly verified, by any person to the county court stating that fact and charging the proper person with being the father thereof. The proceeding shall

be entitled in the name of the state against the accused as defendant. The death of the mother shall not abate an action which is brought under this section, and it will not prevent the bringing of an action for the support of the child."

6. Okla.Const. art. 2, § 19. See note 1, supra.

7. *Leach v. State ex rel. Cooper*, 398 P.2d 848 (Okl.1965); *Ex parte Mitchell*, 189 Okla. 51, 113 P.2d 979 (1941); *Bell v. Territory*, 8 Okl. 75, 56 P. 853 (1899).

8. *Harris v. State*, 430 P.2d 337 (Okl.Cr.App. 1967); *In re Comstock*, 10 Okl. 299, 61 P. 921 (1900).

9. *Jones v. Jones*, 612 P.2d 266–268 (Okl.1980); *Cochran v. Rambo*, 484 P.2d 500 (Okl.1971).

10. *Blair v. Gullett*, 594 P.2d 367 (Okl.1979).

SIMMS, J., concurs in result.

OPALA, J., dissents.