### FAY ARNOLD v. THE STATE.

*No. 6660.   Decided April 26.*

**1. Vagrancy—Evidence.**—The rule is elementary that if an offense is laid generally in an indictment or information, evidence of general reputation to prove such offense is not admissible; the particular facts which constitute the offense must be proved. The information in this case, in general terms, charged the accused with being a vagrant, to-wit, a common prostitute, and upon the trial the court admitted evidence of general reputation to support the charge. *Held*, error, and that it devolved upon the State to prove the particular facts showing the accused to be a common prostitute.

**2. Same.**—Over defendant's objection the State was permitted to prove the bad character of the women who lived in the vicinity in which the defendant lived, and with whom she sometimes associated. *Held*, that the proof was incompetent and irrelevant, and its admission was material error.

APPEAL from the County Court of Cooke.   Tried below before Hon. H. S. Holman, County Judge.

The opinion sufficiently discloses the case.   The penalty assessed by the verdict was a fine of ten dollars.

*A. M. Thomason*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—This conviction is for being a vagrant, to-wit, a common prostitute, and the information charges the offense in general terms in the language of the statute.

Over defendant's objections, the State was permitted to prove that the defendant's general reputation in the community in which she resided was that she was a common prostitute. It was material error to admit this testimony. Where an offense is laid generally in an indictment or information, evidence of general reputation to prove such offense is not admissible; the particular facts which constitute the offense must be proved. In this case it devolved upon the State to prove the particular facts showing that defendant was a common prostitute. This proof could not be made by evidence of her general reputation in that respect. Whart. Crim. Ev., 9 ed., sec. 260.

It was also material error to permit the State to prove, over defendant's objections, the bad character of the women who resided in the vicinity of defendant's residence, and with whom the defendant sometimes associated. Such evidence was irrelevant and incompetent. Holsey v. The State, 24 Texas Ct. App., 35.

There is no evidence in the record, except the illegal evidence above mentioned, proving or even tending to prove that the defendant was a common prostitute.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

· Judges all present and concurring.