Hill et al. v. State ex rel. County Attorney of Grady County.

HILL *et al.* v. STATE *ex rel.* COUNTY ATTORNEY OF
GRADY COUNTY.

No. 4914.   Opinion Filed December 16, 1915.

Rehearing Denied January 9, 1915.

(145 Pac. 492.)

APPEAL AND ERROR—Presentation for Review—Proceeding By
State—Decision. Record examined, and held, that equity re-
quires the decree entered below to be modified in the particulars
indicated in this opinion. In all other respects, the decree of
the court below is affirmed.

(Syllabus by the Court.)

*Appeal from District Court, Grady County;*

*Frank M. Bailey, Judge.*

Proceedings by the State, on the relation of the County Attor-
ney of Grady County and another, against Dave Hill and another.
Judgment for plaintiffs, and defendants appeal.   Affirmed.

*Barefoot & Carmichael* and *Bond & Melton,* for plaintiffs in
error.

KANE, J.   This was a proceeding, instituted under that
part of section 14, article 3, chapter 69, Session Laws 1907-08,
as amended by section 13, chapter 70, Session Laws 1911, which
provides:

"* * * And all places where any such liquor is kept or
possessed by any person in violation of any provision of this act;
and all places where persons congregate or resort for the purpose
of drinking any such liquor, are hereby declared to be public
nuisances, and upon the judgment of any court of record finding
such place to be a nuisance under this section, the sheriff, his
deputy, or undersheriff, or any constable of the proper county, or
marshal or police of any city where the same is located, shall be

directed to shut up and abate such place by taking possession thereof and destroying all liquors found therein, the keeping or sale of which is prohibited by this act, together with all signs, screens, bars, bottles, glasses, and other property used in keeping and maintaining said nuisance.    *    *    *."

The following findings and judgment of the court sufficiently state the facts disclosed by the evidence and the action of the trial court based thereon:

(1)    That during the year 1912, up until September 25, of said 1912, intoxicating liquors were kept and sold continuously at the place known as the Mint, or Sam Cook's place, located on lot 6 of block 43 of the city of Chickasha.

(2)    The court further finds that such place was owned, controlled, and run by Fred Smith and Sam Cook, and that said Sam Cook was a party to and interested in the affairs, control, and management of said place.

(3)    The court further finds that such keeping and selling of such intoxicating liquors was permitted and carried on in such building and place up until the same was closed by injunction, viz., the 25th day of September, 1912.

(4)    The court further finds that such building is owned by the defendant Dave Hill, and that said Dave Hill knew and had cause to know and did know that such intoxicating liquors were being kept and sold in said premises during the year 1912.

(5).    The court further finds that the said Dave Hill and Sam Cook were under bond during the year 1912, conditioned that they, the said Sam Cook and Dave Hill, should pay to the state of Oklahoma, a certain sum of money if they knowingly permitted or caused to be sold, given away, or kept in or on said premises intoxicating liquors as is prohibited by law.

(6)    The court further finds that such place known as the Mint, or Sam Cook's place, located on said lot 6, block 43, of the city of Chickasha, was reputed and generally known as the place where intoxicating liquors were kept and sold.

(7)    The court further finds that on or about the 25th day

of September, 1912, the defendant Fred Smith left the city of Chickasha, and that on said date the sheriff took possession of said building known as the Mint, or Sam Cook's place, and that the same has been shut up and locked and in the custody of the sheriff since said date, and that no contraband goods have been kept or sold in said building since said date.

This the 17th day of February, A. D. 1913.

Wherefore, it is ordered, considered, adjudged, and decreed by the court that the injunction heretofore granted against Dave Hill, Sam Cook, and Fred Smith, enjoining and restraining the said Dave Hill, Sam Cook, and Fred Smith, their agents, servants, and employes, from keeping, selling, or in any wise disposing of any intoxicating liquors of any kind or character in the buildings on the premises, known as the Mint, or Sam Cook's place, and being lot 6, block 43, city of Chickasha, Grady county, Oklahoma, and is hereby made perpetual as against said named parties.

It is further ordered that the injunction heretofore granted against the buildings and premises, being lot 6 in block 43, and all buildings situated or being on said lot and block, be and is hereby made perpetual.

It is further ordered by the court that the sheriff of Grady county, Oklahoma, be and he is hereby ordered and directed to immediately destroy all intoxicating or contraband now in or about the building and premises, being lot 6 in block 43 in the city of Chickasha, Oklahoma.

It is further ordered by the court that the sheriff of Grady county, Oklahoma, immediately take an invoice of all stock and fixtures now in said building, situated on said lot 6, block 43, city of Chickasha, Oklahoma, and return the said invoice of all goods not of an intoxicating or contraband nature to the board of county commissioners of Grady county, Oklahoma, that said board may make such disposition of said stock and fixtures and furniture in any manner as provided by law.

It is further ordered by the court that the sheriff of Grady county, Oklahoma, shall immediately take full, absolute, and complete possession of lot 6, block 43, city of Chickasha, Oklahoma,

together with all buildings thereon situated, and securely lock and fasten all openings of said building and hold the same for a period of one year from this date.

This the 17th day of February, A. D., 1913.

[Signed]  Frank M. Bailey,. Judge.

Counsel for plaintiff in error have filed an able brief, assailing the law under which the proceeding is commenced and the action of the court below in several very important particulars. There is no brief on behalf of the state. Whilst the brief of counsel for plaintiff in error is full and persuasive, it is not so clearly convincing as to warrant us in reversing the judgment of the court below *in toto,* upon the authority of the line of cases which hold: Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief, in compliance with the rules of this court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained, and where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the plaintiff in error or the rights of the parties. *Taby v. McMurray,* 30 Okla. 602, 120 Pac. 604; *Purcell Bridge & Transfer Co. v. Hine,* 40 Okla. 200, 137 Pac. 668, handed down at this term. On account of the importance of the questions raised, and that full equity may be done in the instant case by a modification of the decree entered below, the court is not disposed to pass upon them until they arise in a case wherein they are briefed on behalf of the state by the law officers charged with that duty.

The evidence shows that the building involved is of the value of $15,000, and that it is of the rental value of $1,500 per year; that it is very favorably situated and well adapted for use in any legitimate trade or business carried on in the city of Chickasha. Whilst the conduct of the owners in persistently permitting

this building to be occupied and used for the sale of intoxicating liquors contrary to law was probably sufficient to justify the court in ordering the sheriff to take and retain charge thereof for the period of one year, upon the theory that it was the most effective means of abating the nuisance, we are of the opinion that the same purpose can be as well accomplished without withdrawing this large and valuable building, and the personal property not found to be of an intoxicating or contraband nature, entirely from the channels of legitimate trade or commerce for such a considerable period of time. Assuming, therefore, that the court has not exceeded its jurisdiction in the premises, an examination of the findings and the record convinces us that justice requires the decree to be modified in two particulars. We are therefore of the opinion that that part of the decree which orders "that the sheriff of Grady county, Oklahoma, take an invoice of all stock and fixtures now in said building situated on said lot 6, block 43, city of Chickasha, Oklahoma, and return the said invoice of all goods not of an intoxicating or contraband nature to the board of county commissioners of Grady county, Oklahoma, that said board may make such disposition of said stock and fixtures and furniture in any manner as provided by law," should be modified by adding thereto the following:

"That all personal property seized and found not to be of an intoxicating or contraband nature, or used in keeping or maintaining such nuisance, shall be restored to the owner thereof."

After the proceeding in error was filed in this court, the plaintiff in error filed an application for supersedeas, and the action of this court thereon, as far as the building is concerned, seems fully to meet the requirements of the case in the way of abating the nuisance, and at the same time allows the owners of the building the use thereof for all legitimate purposes. As after the rendition of this order the Attorney General did not brief the case on its merits on behalf of the state, we take it that the order is satisfactory to the state, and fully meets the purpose sought

to be attained by the decree of the court below. The part of the order necessary for our present purpose is in substance as follows:

That the building located on lot 6, block 43, in the city of Chickasha, Grady county, Oklahoma, shall be turned over to the owners of said building by the sheriff of Grady county, upon condition that said owners shall observe in all respects the order of the court herein, and that said owners shall not at any time, either in person or by agent, or tenant, or subtenant, enter in or upon, or conduct any unlawful business of any nature whatsoever in or upon, the premises, or permit any person to conduct any such unlawful business on said premises. In consideration of said property being restored to the owners aforesaid, they are required to execute a bond with sufficient sureties in the sum of $5,000, to be paid to the state as liquidated damages in case of violation of the judgment and decree by said Dave Hill, Sam Cook, Fred Smith, or their servants, agents, employes, or lessees; said bond to be filed and approved by the clerk of the district court, whereupon this decree shall immediately become effective. This order shall be continued in force.

In all other respects the decree of the court below is affirmed.

All the Justices concur.