## BALCH v. STATE ex rel. GRIGSBY, Co. Atty.

No. 7917—Opinion Filed Jan. 30, 1917.

Rehearing Denied May 15, 1917.

(164 Pac. 776.)

**1. Jury—Trial by—Action to Abate Nuisance,**

In an action by the state to abate a public nuisance, the defendant is not entitled to a jury trial.

**2. Evidence—General Reputation.**

Evidence as to general reputation for lewdness or chastity of persons who frequent a place charged to be a house of prostitution, and also evidence of the general reputation of such house as being a place of prostitution, held to be admissible.

**3. Nuisance — Public Nuisance — Particular Case.**

A place where intoxicating liquors are sold in violation of the law, where cigarettes are sold to minors, and where lewd and lascivious persons congregate for the purpose of indulging in immorality, held to be a public nuisance.

**4. Same—Abatement : y State—Civil Action.**

A public nuisance may be abated by a civil action brought by the state on the relation of the county attorney of the county in which such public nuisance exists.

(Syllabus by Stewart, C.)

Error from District Court, Cleveland County; F. B. Swank, Judge.

Action by the State of Oklahoma, on the relation of J. D. Grigsby, County Attorney of Cleveland County, Okla., against A. R. Balch and others. Judgment for plaintiff, and defendant A. R. Balch brings error. Modification ordered to be entered of record in the proceedings below, and in other respects judgment affirmed.

W. J. Davidson, for plaintiff in error.

J. D. Grigsby, Co. Atty., Ben F. Williams, and John E. Luttrell, for defendant in error.

Opinion by STEWART, C. The parties hereafter will be designated as in the court below. The county attorney of Cleveland county brought an action in the name of the state of Oklahoma against A. R. Balch and others for the purpose of abating a public nuisance alleged to be maintained by the defendants in the town of Moore, Cleveland county, Okla., the petition averring that a building in which the said A. R. Balch conducted a grocery store was used by A. R. Balch for the purpose of selling intoxicating liquors; that intoxicating liquors were sold on said property; and, further, that a platform was erected near said building and a series of dances conducted thereon by the defendants for the purpose of drawing crowds into the place of business in order that intoxicating liquors and imitations thereof and substitutes therefor might be sold to the patrons of the dance; that among the regular attendants at said dances were two women of unchaste and lewd character, known as Kate and Babe, who frequented the store belonging to defendant Balch, being seen often in the company of and in bed with men of questionable character; that the said Kate and Babe conducted themselves in a lewd and licentious manner in and about said building and premises, and that men who frequented such resort, visiting with Kate and Babe, would curse and swear in loud and boisterous manner in the hearing of women and children; that people would congregate at said store and become drunk and imbibe intoxicating liquors sold in said store; that cigarettes were sold to minors in violation of law; that the general reputation of such place of business was that of a place where lewd men and women would resort for the purpose of unlawful cohabitation and sexual intercourse; that said place was an unfit place for women and children to purchase groceries, or for other purposes; that the same was an immoral resort and a public nuisance, and the conduct of the said Kate and Babe and others who frequented the store was outrageous to public morals and public decency. The plaintiff prayed for a temporay injunction restraining the defendants and all of them from opening or conducting said store or building, or permitting any one else to conduct same, and that same should be placed in the hands of the sheriff of Cleveland county and closed until final hearing in the matter; that upon final hearing, the injunction be made perpetual, and for general and special relief. A hearing was had in chambers before the county judge of Cleveland county, in the absence of the district judge from said county, and upon the affidavits of numerous citizens residing at said town of Moore and in the vicinity thereof; the county judge granted a tempo-

rary injunction and order abating said nuisance and closing the store. Afterwards the defendants made application before the judge of the district court in chambers asking for a vacation of the temporary injunction. After hearing on said application, the district judge modified the temporary order before made to read as follows:

"On consideration of said motion and being fully advised in the premises, it is now ordered by the court that the said temporary injunction be modified to the extent that the said defendant A. R. Balch is hereby permitted to open and conduct his said storeroom in what is known as the Courtney Building in said town of Moore, in Cleveland county, Okla., and to make regular and lawful sale of merchandise therein contained until the 1st day of November, 1915, and it is the further order of this court upon the execution of bond of said A. R. Balch in the sum of $1,000, with sufficient surety to be approved by the court clerk of Cleveland county, Okla., on the condition that during said time said defendant A. R. Balch either by himself or by his agents or servants shall not violate the prohibitory liquor law or any other laws of the state of Oklahoma on or about said premises."

The defendants afterwards filed answer, denying the allegations contained in plaintiff's petition, except the allegation that the said defendant A. R. Balch was using said premises for the purpose of conducting a retail grocery and general store.

The cause came on for hearing at the regular term of the court, and after the introduction of testimony on the part of both the plaintiff and defendants the court found for the plaintiff and against the defendant A. R. Balch; the court making the following order and decree:

"Thereupon it was considered, ordered, adjudged, and decreed by the court that the temporary injunction heretofore made herein be, and the same hereby is, made permanent as against said defendant A. R. Balch, and that the storeroom of said defendant A. R. Balch described in said petition be ordered closed by the sheriff of Cleveland county, Okla., and plaintiff have judgment against defendant to pay all costs of this action, taxed at $———."

Motion for new trial having been duly filed, overruled, and exceptions saved, the defendant A. R. Balch appeals to this court.

The defendant urges in his brief the following assignments of error: (1) Error of the trial court in denying the plaintiff in error a trial by jury. (2) Error of the trial court in overruling the demurrer of plaintiff in error to the evidence introduced on behalf of the state of Oklahoma, plaintiff below. (3) Error of the trial court in the ad-

mission of evidence offered by defendant in error and objected to by plaintiff in error. (4) Error of the trial court in the rejection of testimony offered by plaintiff in error. (5) Error of the trial court in rendering judgment for defendant in error and against plaintiff in error. (6) Error of the trial court in rendition of final judgment made by it by exceeding the jurisdiction of the district court in declaring the storeroom of the plaintiff in error a nuisance and ordering the same to be closed by the sheriff of Cleveland county.

The objection of defendant to the refusal of the court to grant a trial by jury is not tenable. It is settled law in this state that the constitutional provision declaring that the right of trial by jury shall be and remain inviolate refers to the right of trial by jury as the same existed under the law of the territory of Oklahoma prior to the time of the adoption of the Constitution. In re Byrd, 31 Okla. 549, 122 Pac. 516; In re Simmons, 4 Okla. Cr. 662, 112 Pac. 951; State v. Cobb, 24 Okla. 662, 104 Pac. 361, 24 L. R. A. (N. S.) 639; Parker v. Hamilton, 49 Okla. 693, 154 Pac. 65.

The proceeding in the case at bar, being equitable in its nature, the defendants were not entitled to a jury trial either as a matter of constitutional or statutory right. Such right was not recognized by the courts of Oklahoma Territory, nor has the same been sanctioned by the courts of the state. The Supreme Court of the territory in Reaves v. Territory, 13 Okla. 396, 74 Pac. 951, passed squarely on the question of the right of jury trial in an action brought by the state to abate a public nuisance. In the syllabus to the opinion the court says:

"A trial by jury is not required in suits brought for an injunction to suppress and abate a public nuisance."

It is clear that the acts complained of in the petition, if true, in the instant case would constitute the place a public nuisance. It is provided in section 4250, Revised Laws of 1910:

"A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

"First. Annoys, injures or endangers the comfort, repose, health, or safety of others; or

Second. Offends decency. * * *"

And section 4251, Revised Laws of 1910, reads as follows:

"A public nuisance is one which affects at the same time an entire community or neighborhood. or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal."

In addition to the general law of the state on the subject, by specific enactment, our statutes provide that a place where intoxicating liquors are sold or kept for sale or barter, or where persons congregate for the purpose of drinking such liquors, is a public nuisance. The county attorney of the county in which a public nuisance exists has the authority to bring a civil action to abate same by civil action in the name of the state.

The defendant contends that the court erred in the admission of testimony as to the general reputation of the women known as "Kate" and "Babe" as to lewdness and chastity, and also in admitting testimony as to the general reputation of the house in which the defendant's business was conducted as being a house of ill fame or one to which persons resorted for the purpose of prostitution. There is no longer any question in this state as to the admissibility of such testimony in cases of the character of the one at bar. In Jones v. State, 10 Okla. Cr. 79, 133 Pac. 1134, in the syllabus, it is said:

"In a prosecution for keeping a bawdyhouse, it is competent for the state to show the general reputation of the house as being a house of ill fame, and that the house is resorted to by people of both sexes who are reputed to be of lewd and lascivious character, and from evidence of the general reputation of the house and of the inmates and persons who resort thereto as being of lewd and lascivious character, the law will infer that such characters resort thereto for lewd and immoral purposes, and that the house is a bawdyhouse. The state is not required to show specific acts of lewdness or prostitution in the house. It is sufficient if it be shown that the house is commonly resorted to for the commission of acts of immorality, and that the proprietor knows the fact, and either procures it to be done, connives at it, or does not prevent it."

The admission of such testimony was not error. We have examined the record and find that there is no error in the admission of testimony prejudicial to the defendant, nor do we find any prejudicial error in the exclusion of testimony. Most of the testimony offered by the defendant and excluded by the court consisted of hearsay or of self-serving statements, and was not competent.

The evidence in this case sustains the allegations contained in the petition, and shows that the defendant was engaged in a business which annoyed, injured, and endangered the comfort, repose, and safety of others, and also offended public decency. It shows that the defendant was engaged in the violation of the prohibitory liquor laws of the state of Oklahoma, was guilty of selling cig-

arettes to minors, and of permitting lewd, profane, and lascivious characters, both men and women, to congregate about his business, and indulge in lewd, boisterous, and indecent acts, greatly to the annoyance of the good citizenship of the small town of Moore. We unhesitatingly say that the judgment of the lower court was righteous and in the interest of good morals and public decency.

We would be inclined to let the order of the lower court stand without modification, but the county attorney in his brief has cited the case of Hill et al. v. State, 45 Okla. 367, 145 Pac. 492, a case in which Mr. Justice Kane modified the order of the court below in a case similar to the one at bar by allowing, under conditions imposed by the court, the building to be used for legitimate purposes. The brief for the state, in this case, suggests a modification of the order of the lower court which we think would meet the ends of justice, which suggestion we have decided to adopt. The order of the lower court, with reference to the building and property, is therefore modified to read as follows:

"That the sheriff of Cleveland county, Okla., take an invoice of all stock and fixtures now in said building, and return the invoice of all goods of an intoxicating · or contraband nature to the board of county commissioners of Cleveland county, Okla.; that said board may make such disposition of said stock and fixtures and furniture in any manner as provided by law; that all personal property seized and found not to be of an intoxicating or contraband nature nor used in keeping or maintaining such nuisance shall be returned to the owner thereof; that the building in controversy should be restored to plaintiff in error by the sheriff of Cleveland county upon the condition that said A. R. Balch should observe in all respects the order of the court, and shall not at any time either in person or by agents, tenant, or subtenant enter in or upon or conduct any unlawful business of any nature whatsoever in or upon the premises, or permit any person to conduct any such unlawful business on said premises. In consideration of said property being restored to the owner aforesaid he is required to execute a bond with sufficient sureties in the sum of $1,000 to be paid to the state as liquidated damages in case of violation of the judgment and decree by said A. R. Balch, his servants, agents, or employes; said bond to be filed and approved by the court clerk, whereupon this decree shall immediately become effective. This order shall be continued in force."

The lower court should be instructed to cause such modification to be entered of record in the proceedings below, and in all other respects the judgment of the lower court should be affirmed, at the cost of the defendant.

By the Court: It is so ordered.