**FORD v. STATE ex rel. HODGE, Co. Atty.**

No. 14932—Opinion Filed March 17, 1925.

**1. Injunction — Nuisance — Prevention of Lawful Use of Property.**

A nuisance may be abated and the continuation thereof enjoined, but the court is without authority to enjoin the use, for legitimate purposes, of the property in which the nuisance, abated and enjoined, is maintained.

**2. Nuisance—Insufficiency of Evidence.**

The findings and judgment of the trial court that the premises in question are being used as a resort for immoral purposes, constituting a public nuisance, are not supported by the evidence.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by the State of Oklahoma ex rel. John L. Hodge, County Attorney, Carter County, Oklahoma, against J. A. Bodovitz, Earnest Ford, and Red Jones. Judgment for

plaintiff, and defendants bring error. Modified and affirmed.

Coakley & Mathers and Champion, Champion & George, for plaintiffs in error.

John L. Hodge and E. W. Schenk, for defendants in error.

Opinion by JARMAN, C. This was an action by the state of Oklahoma, on the relation of the county attorney of Carter county, to have a certain rooming house in the city of Ardmore, known as the "T. P. Rooms," declared a public nuisance and to enjoin the use of said premises by the defendants, Ernest Ford, J. A. Bodovitz, and Red Jones. A temporary injunction was granted upon the filing of the petition in said cause, and upon a hearing being had, the same was made permanent and the defendants were enjoined from entering. occupying or using said premises for any purpose whatsoever, and, from this judgment, the defendant Ford has appealed.

The findings of fact of the trial court, upon which judgment was rendered, are: (a) That said rooming house was being openly and notoriously used as a resort by men and women for immoral purposes; (b) that liquor was kept on the premises in violation of section 7022, Comp. Stats. 1921.

The defendant contends that neither of these findings of fact is supported by the evidence, which necessitates a review of the evidence to determine this question.

The evidence discloses that the building, where the rooming house in question was being conducted, was owned by J. A. Bodovitz, who had leased the same to the defendant Ford, and Ford had in his employ Red Jones. This rooming house was run in the same manner as any other rooming house or hotel. A register was kept whereby guests were required to enter their names, and the business was operated in the regular way. There is no evidence to show that the rooming house was being conducted as a resort where men and women met for immoral purposes. There was but one woman staying at this rooming house who was ever arrested and she was the only woman, as far as the record discloses, against whom any charge was ever made or complaint filed and this was not for immoral conduct, but for being drunk. .

We agree with the contention of the defendant that the findings by the trial court that the rooming house was used as a resort, where men and women met for immoral purposes, is not sustained by the evidence. Counsel for plaintiff recite at length in their brief certain purported facts to justify the findings of the trial court, among which being that a certain officer and his wife visited Ardmore and procured rooms in this rooming house and, while the officer was out of town, his wife was assaulted in her room, which created considerable excitement and that thereafter the wife of the defendant Ford attacked and sought to punish the officer's wife for making an outcry, and that this was followed by a mass meeting of citizens of the city, in which the rooming house was denounced, and that the matter was taken up by the different churches of the city. There is nothing in the record to support these statements of counsel for plaintiff. Counsel are not permitted to go outside of the record to bolster up the findings and judgment of the trial court.

The record does support, however, the second finding of fact made by the trial court. The evidence discloses that on numerous occasions, when officers would visit the rooming house, the defendant Ford would see them coming and would run to the sink at the rear of the rooming house and pour out the whisky; that on one occasion they found four pints of whisky on the top of the adjoining building, and the attention of the officer was called to it by signs on the window which showed that persons had been stepping from the window of the rooming house to the window of the adjoining building: that on another occasion 22 one-half gallon fruit jars of corn whisky were found in the heater room, used in connection with the rooming house, and under the supervision of Ford; that persons were frequently found in the rooming house in an intoxicated condition and it bore the reputation of being a place where such conduct was indulged in. The trial court did err, however, in enjoining the use of the rooming house for any purpose whatsoever. Outside of liquor being stored and used on the premises unlawfully, there is nothing to indicate that the rooming house was not run in a lawful and proper manner and the court was without authority to enjoin the use of the property for lawful purposes. This question was definitely decided in the case of Gragg et al. v. State ex rel. Selby, Co. Atty., 73 Okla. 132, 175 Pac. 201.

The injunction should be and is hereby modified to permit any lawful use of the premises in question and the defendant Ford is required to execute a bond with good and sufficient sureties in the sum of

$1,500, payable to the state as liquidated damages in case of violation by himself, his agents, employes or servants, of the injunction as modified, said bond to be filed with and approved by the clerk of the district court of Carter county.

The judgment of the trial court, as modified, is affirmed.

By the Court: It is so ordered.