**KEY et al. v. FREEMAN, Dist. Judge, et al.**

No. 17760—Opinion Filed Oct. 5, 1926.

(Syllabus.)

**Intoxicating Liquors—Jurisdiction to Abate Liquor Nuisance at Commencement of Injunction Action.**

Under that part of section 7022, C. O. S. 1921, which provides: "The Attorney General, county attorney, or any officer charged with the enforcement of any of the provisions of this act, of the county where such nuisance exists or is kept or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same. The injunction shall be granted at the commencement of the action and no bond shall be required"—where the county attorney brings an action against a certain individual as the owner and operator of an

alleged drug store where he charges intoxicating liquors are kept and sold, enjoining the owner of the building therein, summons is issued to the defendants, such action is commenced within the meaning of the statute, and the court has jurisdiction to enter such injunctive order as will be effective to abate the alleged nuisance.

Original Action in Supreme Court for Writ of Prohibition.

Action by Earnest Key and Cleve Sampley against W. F. Freeman, district judge, and others. Writ denied.

Sigler & Jackson, for plaintiff.

F. M. Dudley, for defendants.

BRANSON, V. C. J. This is an original action in this court. The plaintiffs are Earnest Key and Cleve Sampley. The defendants are certain officers of Carter county, to wit: W. F. Freeman, district judge; F. M. Dudley, county attorney; E. C. London, sheriff; and Jesse Dunn, chief of police of the city of Ardmore. The plaintiffs seek a writ of prohibition against the district judge and other defendants prohibiting them from enforcing an injunction issued by the district judge in a certain cause then (September 24, 1926) pending in the district court of said county, entitled "State of Oklahoma ex rel. F. M. Dudley, County Attorney of Carter County, Okla. v. Diamond 'A' Drug Company," owned and operated by Earnest Key and D. C. Sampley, which injunction by its terms restrained the defendants **pendente lite** from the operation of the said drug store located in a building owned by the defendant Sampley, and that the nuisance carried on in said building be immediately abated by the sheriff and chief of police.

In the instant suit the plaintiffs plead that Earnest Key was running the alleged drug store in question; that he had a considerable amount invested in fixtures located therein; that Sampley was the owner of the building; that that part of the building used as a drug store had been by the sheriff and chief of police padlocked, and that the plaintiffs herein were thereby prohibited from entering the building.

Plaintiffs assert that the said order was illegal, void, and without authority of law for that the same was issued by the court without any notice, without any hearing, or an opportunity to be heard. Wherefore they pray that a writ of prohibition be directed by this court prohibiting the district judge and the other officers from enforcing the same.

In the said petition, however, it is further set out that after the service of the injunction and after the officers had locked the drug store, the plaintiffs herein presented to the district court their application asking that said order be vacated and that the court denied the same.

Responding to the petition filed herein, the county attorney pleads that at the beginning of said action, summons was regularly issued to the defendants therein, who are the plaintiffs in this suit, duly served upon them, a copy of which summons is attached to the response. This response is in no way by the plaintiffs denied.

So, there was at the time of the granting of the order of injunction a suit pending within the meaning of the Civil Code, and the action was begun. It appears from the pleadings herein that the same was served upon the defendants'—plaintiffs in this action; that on the following day, to wit, the 7th day of September, the defendants appeared in the district court praying that the order be dissolved. It does not appear from this record as to whether or not evidence was taken on the allegations in the petition to abate the alleged nuisance, but certainly the defendants would have a right to present such evidence. The only question here, therefore, is whether or not the court had jurisdiction to take this action at the inception of the suit to abate the nuisance.

The method of abating nuisances is peculiarly within the province of the Legislature. In the exercise of its general police powers the sovereign can declare what is a nuisance and provide how same may be abated. A liquor joint running under the guise of a drug store was clearly in the mind of the Legislature when it passed the prohibition enforcement statutes of this state. Among other provisions of such statute, is this:

"The Attorney General, county attorney, or any officers charged with the enforcement of any of the provisions of this act, of the county where such nuisance exists or is kept or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same. The injunction should be granted at the commencement of the action and no bond shall be required." Sec. 7022, C. O. S. 1921.

The method and the only method known to the law to abate a nuisance such as was pleaded by the county attorney in the district court of his county is by injunction. It is clear that the Legislature considered that the injunction granted at the inception of the action should completely abate the alleged nuisance. The only way it could be abated was for the officers to take charge of the business and lock it up. The position of the plaintiffs seems to be that such action

could not be taken until after the county attorney had brought the case to trial and introduced his proof and the court had found that the place was used for the purpose of violating the liquor laws of the state. The trouble about this position seems to be that the Legislature directed, upon proper showing being made to the district judge, that an injunction should be granted forthwith, and the injunction granted at the inception of the action under the statute is from the language of the statute intended to be none the less potent than such a remedy would be if granted after trial. This remedy does not go awry the basic reason why the Legislature directed that this be done. If the injunction merely restrained the accused from violating the law, it certainly could be no more effective in preventing such pernicious action than is the criminal statute of the state. If no action could be taken to effectively abate the alleged nuisance, the defendants, under the well-known conditions which exist, would indulge in all the dilatory tactics known to the law to prevent a trial on the merits.

We do not mean to suggest that in every case where a county attorney presents a petition such as here a padlock order should be entered by the district judge pending the trial of the case. This is a matter which depends upon the facts presented by the county attorney to the court in each particular case, and we will not presume that any district judge will take such drastic action except upon a showing satisfactory to his own mind that a condition exists for the tearing down and destruction of which the statute above quoted was enacted. But whether the district judge in this case acted upon proper showing or not is not before us. He certainly had the jurisdiction to do what was done, for that a civil action to abate the nuisance was pending. The petition had been filed and summons issued and the statute gave him authority to issue the injunction on the institution of the cause.

Plaintiffs cite: Gragg v. State, 73 Okla. 132, 175 Pac. 201; Key v. State, 101 Okla. 211, 224 Pac. 549; Ford v. State, 109 Okla. 79, 234 Pac. 635. We find nothing in these cases inconsistent with what we say above. Prohibition denied.

PHELPS, LESTER, HUNT, and RILEY, JJ., concur. NICHOLSON, C. J., dissents.

Note—See 33 C. J., p. 694, §402.