## ROBERT L. YOUNG v. CITY OF ARDMORE.

No. A-5648.  Opinion Filed Feb. 21, 1927.
(253 Pac. 305.)

Champion, Champion & George, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for defendant in error.

DAVENPORT, J.  The plaintiff in error, hereinafter called the defendant, was convicted in the municipal court of the city of Ardmore, Okla., on a complaint charging him with a violation of section 474 of the ordinances of the city of Ardmore, from which conviction he appealed to the county court of Carter county, Okla.

Upon a trial in the county court he was convicted and sentenced to pay a fine of $19 and $1 cost, from which judgment and sentence defendant appealed to this court.  The charging part of the complaint upon which the defendant was tried and convicted is as follows:

"On or about the 2d day of January, 1925, and

prior to the filing of this complaint in the city of Ardmore, Carter county, Okla., one Robert L. Young did then and there unlawfully * * * associating with prostitute, to wit, visiting the home of Mrs. Joe Threlkeld at 611 F. S. E. Ardmore, Okla., she being known to be a prostitute, contrary to section 474 of the ordinance of said city in such cases made and provided, and against the peace and dignity of the said city."

The defendant has filed seven assignments of errors alleged to have been committed in the trial of the case. The first, second, third, fifth and sixth assignments of errors are as follows:

"First. Said court erred in overruling the motion of plaintiff in error for a new trial.

"Second. Because the verdict of the jury is contrary to law.

"Third. Because the verdict of the jury is contrary to the evidence.

"Fifth. Because the court erred in overruling the demurrer of plaintiff in error to the evidence of the defendant in error, to which action of the court the plaintiff in error duly excepted.

"Sixth. Because the court erred in not instructing the jury to return a verdict in favor of the plaintiff in error, to which action of the court the plaintiff in error at the time duly excepted."

The assignments herein set out will be considered together, as they are in substance complaining of the same error committed by the court. The defendant contends that the complaint in this case does not charge an offense against the ordinance of the city of Ardmore, and that the verdict of the jury in this case is contrary to the evidence, and that his demurrer to the evidence should have been sustained.

In order to properly consider the errors assigned by the defendant, we deem it necessary to set out in

substance the testimony introduced at the trial, and to refer to the complaint in this case to ascertain whether or not it charges an offense under the ordinance of the city; and, if the offense is charged, is the testimony sufficient to sustain a conviction?

First. The ordinance makes it a penalty for any one to loiter around a house, room, or place of prostitution or assignation. Second. To frequent or visit a house, room, or place of prostitution or assignation. Third. To have illicit intercourse with any person at any place within the city of Ardmore.

The charge in this complaint is not for loitering, frequenting, or visiting a house, room, or place of prostitution or assignation, but it is a charge of unlawfully associating with a prostitute by visiting the home of Mrs. Joe Threlkeld; she being known to be a prostitute, contrary to section 474 of the ordinance of the city of Ardmore.

In support of the allegations in the complaint, the city called the following witnesses, who in substance testified as follows:

W. C. Keirsey: "I am a policeman, and was a policeman on the 2nd day of January, 1925, and visited the home at 611 F. S. E. Ardmore, Okla., the place of Joe Threlkeld; time was between 11 and 12 o'clock." In answer to a direct question: "This place at 611 F. S. E., state who Threlkeld is. State whether he is a prostitute?" answered, " She is; she has a record as a prostitute." Robert L. Young was there in the back room. The house is a square bungalow. They had been pulling some parties out there, and I went over to see what was going on this night. I eased up, and waited for about 20 minutes, and decided he was not coming out. He was in the northwest room with Joe, and Joe's sister I think. I do not know what I told

the sergeant. What I told him to write up the record will show for itself. Mr. Musgrave was with me. This place is supposed to be a residence. You can go out to this place any time day or night. We looked in at a window, and the defendant was sitting there gassing with them; talking with Joe. There was another woman in the room. All parties were properly dressed, and I did not see anything wrong while I was there looking in the window. I saw him talking to this girl, and we have her on record as a prostitute. I heard him say he was going to quit his wife and take her. He was talking about one thing and another, I did not hear all he said. It was just a line of bull. I did not see her do anything except standing there in the room. I could see her plain from outside. Before I went into the house, I knocked on the door, and Mr. Young come to the door. He made no effort to get away. Mr. Musgrave was with me at the time. We were watching this house at the time, as they had been pulling some wild parties there for some time. Mr. Young was a party to them.

Mr. A. C. Musgraves, called as a witness by the city, testified that he was with Mr. Keirsey on the night mentioned; he saw the defendant at the house; that in the room was Mrs. Threlkeld, her sister, Mr. Young, and a little boy; that he did not see the woman do anything wrong. There was nothing unbecoming in the conduct of either.

The city also called Mr. Lee Smith, and he stated he was sergeant at the police station, and held that position on January 2, 1925, and as police sergeant he had charge of the records. On direct examination he testified that Mrs. Joe Threlkeld had been convicted for prostitution in the police court. On cross-examination he said he had made a careful examina-

tion of the record, and that Joe Threlkeld had been convicted for prostitution in the police court, and stated that his record disclosed that she had been brought before the court twice, once in 1923 and once in 1924. "I did not search the record any further back than 1923; I wanted more than one case." Further, on cross-examination Mr. Smith testified in substance that she had only been brought before the city court from 1923 on down twice; that he examined the record for 1923-1924, and that the record showed two forfeitures of bonds, and that was the only record he found.

This was in substance the testimony introduced by the city of Ardmore. At the close of the testimony for the city the defendant demurred to the testimony of the city; that the same was insufficient to sustain the allegations contained in the complaint filed herein. The demurrer was overruled, and defendant's counsel duly excepted.

The defendant on his own behalf called Mrs. Joe Threlkeld, who testified as to where she was living on the 2d day of January, 1925, and also testified that she called the defendant to her home that evenning on a business proposition and to settle with him for money which she had borrowed from him previously; that the defendant had been to her house a short while when the officers came; that her boy was sick that evening; and that she, a lady friend of hers, and Mr. Young were there when the officers called; that the conduct of the defendant during the time he was there was gentlemanly, and nothing improper was done.

The defendant testified in substance to the same facts as Mrs. Threlkeld, admitting that he was at her house. That he had gone there on a business transaction. That he had been there on three previous occasions, twice in the daytime and once in the evening. That

he loaned Mrs. Threlkeld some money, and that she was ready to repay it, and wanted him to return a ring she had pawned as security, and that his mission to her house that evening was for the purpose of receiving his money and delivering the ring. That he had been talking about renting a farm from her previous to this time. That, when the officer came in, he stated to the defendant that he would take him to the station. Defendant asked, "What for?" and, after repeating the question, the officer advised, "For associating with a prostitute." This was the first time that he had heard Mrs. Threlkeld was a prostitute. That he did not know she had ever been charged with such a crime.

The only error we deem necessary to consider is the fifth assignment, which is as follows:

"Because the court erred in overruling the demurrer of plaintiff in error to the evidence of defendant in error."

This assignment raises the only question necessary for a decision, as we view the complaint and evidence. The defendant in his brief has discussed the complaint at length and urged that it did not state a crime under the ordinance relied on by the city of Ardmore. We have carefully examined the ordinance, and find there is some merit to the contention of defendant. However, in pleadings in municipal courts the same strictness is not required as in the county, district, or superior courts.

We now come to the assignment of error as to the testimony being sufficient to sustain the verdict and judgment. The city attempted to prove by its witnesses that Mrs. Joe Threlkeld was a prostitute, some one of the witnesses making a general statement that she was a prostitute without stating the facts upon which he based his statement. The city, not relying on the gen-

eral statement, attempted to prove by its records that she was a prostitute, and, when the testimony is considered, the only testimony in the record shows that two bonds of Mrs. Threlkeld had been forfeited, one in 1923 and one in 1924, but it does not show the charge against her, or why she was not tried on the charges. Mrs. Threlkeld was called as a witness by the defendant, and told the court the mission that brought the defendant to her house the evening he was arrested. The defendant testified that he had gone there on a business proposition, and that he had never heard of Mrs. Threlkeld being considered a prostitute. The officers all admit that there was no improper conduct, and neither of them attempted to testify positively as to Mrs. Threlkeld being a prostitute, nor does any record they refer to disclose that fact, as the only record referred to mentioned a forfeiture of bonds on some kind of an alleged offense, not stated.

The complaint in this case charges the defendant in general terms with associating with a prostitute. The offense must be proven by evidence of the particular facts showing it, and it is error to admit evidence of an uncertain character and general rumor. Arnold v. State, 28 Tex. App. 480, 13 S. W. 774.

There is no positive or competent testimony to prove that the defendant associated with a prostitute, or that he had any knowledge that she had ever been a woman of questionable character. The evidence is insufficient to sustain the verdict and judgment.

The judgment is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.