## GUS KEY v. CITY OF ARDMORE.

No. A6513.   Opinion Filed March 30, 1929.
(275 Pac. 660.)

Sigler & Jackson, for plaintiff in error.

Russell B. Brown, City, Atty., for defendant in error.

EDWARDS, P. J. The plaintiff in error hereinafter called defendant, was charged in the city court of Ardmore with occupying a room for the purpose of prostitution. From a conviction in the city court, he appealed to the county court, and, upon conviction, a fine of $19 was assessed, from which he has appealed to this court.

Section 472 of the ordinance of the city of Ardmore in part provides:

"It shall be unlawful for a bawd, a prostitute, loose woman, or any other person, to keep, occupy, or use any room, apartment, tenement for the purpose of prostitution or assignation. * * *"

The record discloses that at the time charged two policemen went to a room in the T. P. Rooming House and discovered defendant and one Bernice Settle in a room together, the woman in bed and defendant in a night garment. There was evidence that Bernice Settle had the reputation of being a prostitute. It is argued that this evidence of the reputation of Bernice Settle was incompetent, citing Young v. City of Ardmore, 36 Okla. Cr. 202, 253 P. 305, and Arnold v. State, 28 Tex. App. 480, 13 S. W. 774. The Young Case is not in point. The charge there was that the accused associated with a prostitute, and, in order to establish the offense, it was necessary to prove the person with whom defendant associated was a prostitute in fact, and not that she bore such reputation. In the Arnold Case, the accused was charged with being a common prostitute, and it was held necessary that the facts showing accused to be a prostitute must be proven, and not merely general reputation. See in this connection Jones v. State, 10 Okla. Cr. 79, 133 P. 1134; Balch v. State, 65 Okla. 146, 164 P. 776. The charge here being that defendant occupied a room with Bernice Settle for the purpose of prostitution, not that he oc-

cupied a room with a prostitute or occupied a room in a house of prostitution, it is not essential that it be proven that the room was in a house of prostitution or that the woman occupying the room with defendant was in fact a prostitute. The offense is proven when it is shown that the parties occupied a room under circumstances sufficient to satisfy the jury beyond a reasonable doubt that they were there for the purpose of prostitution.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.