### HEWES v. STATE ex rel. GURLEY, County Atty.

No. 28105. April 12, 1938.

Rehearing Denied June 14, 1938.

H. R. Helmbrecht and J. F. Murray, for plaintiff in error.

J. R. Gurley, County Atty., and Clyde Heltzel, Asst. County Atty., for defendant in error.

CORN, J. This is an appeal from a judgment rendered in the district court of Kay county, in a proceeding instituted by the county attorney to have the defendant enjoined from violation of the liquor laws until a final hearing of the matter could be had. For convenience we shall refer to the parties as they appeared in the trial court.

The petition was filed on relation of the county attorney, asking a temporary injunction to restrain the defendant from operating a liquor nuisance in the residential section of Ponca City, Okla., and praying that on a final hearing the injunction be made permanent.

Temporary restraining order was issued, and upon hearing for the temporary injunction, at which the defendant neither appeared nor offered testimony, the court adjudged the premises to be a public nuisance and ordered the sheriff to take possession of and padlock the premises "until the further order of the court." However, the court offered the defendant an opportunity to avoid having the premises locked by offering her the alternative of posting $2,500 bond, pending appeal, conditioned upon the defendant's obeying provisions of the temporary injunction concerning the keeping and selling of liquor.

Motion for a new trial was overruled, and the defendant now asks that this judgment be reversed and the property returned to the possession of the defendant. Four assignments of error are offered, all of which are argued under the proposition that the court did not have authority to place the premises under padlock on a hearing for temporary injunction, in absence of a showing that the nuisance could not be abated by injunction.

The defendant's argument is that the trial court could only enjoin the defendant from violation of the liquor laws, and that it was an abuse of authority for the court to order the defendant ejected and the premises placed under control of the court for an indefinite period of time, the argument being that, although equity may be asked to abate a nuisance, its power cannot be invoked to inflict punishment or deprive persons of their property rights.

The general rule, as given in 32 C. J. 275, section 438, is that equity has no criminal jurisdiction, and so criminal acts or omissions will not be enjoined merely because they constitute a violation of the law. However, section 440, supra, states that, notwithstanding the general rule, where equity's intervention by injunction is warranted by necessity of protecting civil rights or property interests, the mere fact that it is a criminal offense which must be enjoined does not operate to divest a court of equity of jurisdiction. Under this rule equity has enjoined the maintenance of a bawdyhouse so as to interfere with complainant's use of his property (Ingersoll v. Rousseau, 35 Wash. 92, 76 P. 513, 1 Ann. Cas. 35) ; and also to prevent a lodge from serving liquor to its members in violation of an ordinance (Herald v. Glendale Lodge—B. P. O. E., 46 Cal. App. 325, 189 P. 329). The reason given for this rule is that equity is only concerned with the protection of civil and property rights, and it so intends to supplement, but not usurp, the functions of the courts of law.

As said in In re Debs, 158 U. S. 564, 15 Sup. Ct. 900, 39 L. Ed. 1092:

"The difference between a public nuisance and a private nuisance is that one affects the people at large and the other simply the individual. The quality of the wrongs is the same, and the jurisdiction of the courts over them rests upon the same principles and goes to the same extent. Of course, circumstances may exist in one case, which do not in another, to induce the court to interfere or to refuse to interfere by injunction, but the jurisdiction, the power to interfere, exists in all cases of nuisance. * * *"

The defendant's argument is that the court exceeded its authority by ordering the premises closed, especially since this was a hearing for a temporary injunction. Supporting this argument, the defendant cites cases from this court and the courts of other states that in such cases as are abatable by injunction the injunction is limited to unlawful acts, and cannot be used as a means of preventing lawful acts. These cases are Gragg v. State ex rel. Selby, Co. Atty., 73 Okla. 132, 175 P. 201; Ford v. State ex rel. Hodge, Co. Atty., 109 Okla. 79, 234 P. 635; Stout et al. v. Pardoe, Co. Atty., 128 Okla. 3, 261 P. 266; Key v. State, 101 Okla. 211, 224 P. 549.

The defendant quotes at length from the Key Case, supra, in which case the court

referred to the earlier case of Hill ex rel. v. State, 45 Okla. 367, 145 P. 492. In the latter case this court modified a judgment of the district court ordering certain premises to be locked, by permitting the owner to post a bond and thereby release the premises from the padlock order.

It is important to note, in the case at bar, that the trial court gave the defendant this same opportunity to avoid that portion of the order relative to padlocking the premises, but the defendant made no effort to avail herself of this alternative. Instead, after the court found that she had turned her residence into a place of public resort where persons congregated for illegal purposes, and the evidence at the trial fully justified this finding, she appealed from the order of the court without attempting to show the court the propriety of vacating or modifying the order, and without making any effort to exercise the alternative offered her by the court.

Now, on appeal, in face of all the evidence and notwithstanding the fact that the court took judicial notice that this defendant had violated one order of the court and had been cited for contempt, she asks this court to reverse the judgment of the district court on the ground that the court could not enjoin the use of the premises for legitimate purposes.

The obvious distinction between the cited case and the one at bar is this: There the order was made to have exactly the same effect by permitting the owner to post a bond as a condition to superseding that part of the judgment which enjoined the defendant from carrying on lawful business upon the premises. The court did exactly the same thing in the instant case, and allowed the defendant ample opportunity to relieve herself of any alleged oppression resulting from the court's order, of which opportunity she did not avail herself. Having failed to take advantage of the alternative, she cannot now be heard to complain that the effect of the injunction was a confiscation of her property.

It is true that the cases cited by the defendant as authority for the proposition that the court exceeded its authority hold that legitimate use of the property cannot be enjoined. However, in those cases the property against which injunction was directed was property in which businesses of one kind or another were carried on. Here the property was purportedly a residence, but the evidence showed that it had been turned into a place of public resort, and its character as a residence thereby destroyed.

The defendant argues that there was nothing in the evidence to show that the nuisance could not have been abated by merely enjoining the illegal use of such premises, and that nothing in the evidence made it doubtful that an ordinary injunction would not accomplish everything necessary. This argument is weakened in face of the fact that the court took judicial notice that one injunction upon these very premises had been violated and the defendant cited for contempt. It is evident that the court felt, and justifiably so, that there was no assurance that another injunction directed solely against the unlawful use of the premises would not be treated in the same manner by the defendant. Hence, to give force to the order, the court decreed closing of the premises unless the defendant accept the alternative offered in respect to giving a bond conditioned upon fully obeying the court's order, which the defendant failed to do.

Without destroying the force of the cases cited by the defendant, which would apply under different facts than are present herein, we hold that the action of the trial court in closing the premises until further order, after giving defendant opportunity to supersede that portion of the judgment by execution of a bond, was proper.

Judgment of the trial court is therefore affirmed.

BAYLESS, V. C. J., and WELCH, PHELPS, and HURST, JJ., concur.