STATE ex rel. BROWN v. ARMSTRONG, Dist. Judge.

No. 35408. Feb. 19, 1952.

Rehearing Denied March 11, 1952.

*241 P. 2d 959.*

Raymond A. Trapp, Blackwell, and Tom L. Irby, Ponca City, for plaintiff.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant.

GIBSON, J. This is an original proceeding wherein plaintiff seeks a writ of mandamus to compel defendant, who is district judge of Kay county, to grant plaintiff a trial by jury, in a pending cause, wherein plaintiff appealed to the district court from an order of the State Fire Marshal. In that order the State Fire Marshal condemned a building, the "Old Red Barn", located on described lots in Ponca City, finding the building to be "in such a deteriorated condition, by reason of its age and want of proper repair, that it was especially liable to fire, a real danger to life and property." It was ordered that plaintiff, as owner, should wreck, tear down or remove the building and material from the premises within thirty days.

In his petition in appeal from the Fire Marshal's order to the district court, plaintiff demanded a trial before a jury. The district court ruled that plaintiff was not entitled to a trial by jury, and set the cause for hearing before the court.

Plaintiff then filed in this court his application praying that we grant the writ of mandamus as above mentioned.

All proceedings with reference to the condemnation of the building and appeal to the district court were had pursuant to 74 O. S. 1951 §317. The reasons assigned for the condemnation were within the terms of the statute authorizing condemnation. The section, in part, provides:

" . . . Whenever any of said officers shall find any building or other structure which for the want of proper repair, or by reason of age and dilapidated condition, or for any cause it is especially liable to fire, and which is so situated as to endanger other buildings or property, or so occupied that a fire would endanger persons and property therein, such officers shall order such building or buildings to be repaired, torn down, demolished, materials removed and all dangerous conditions remedied."

The section provides that if a person is aggrieved by the final order of the State Fire Marshal he may appeal to the district court of the county wherein the property is located, and such appeal in this case was perfected by proper notice and posting of bond as required. Sec. 317 further provides:

" . . . The District Court shall hear and determine said appeal de novo, in the same manner as other issues of law and fact are heard and tried in such courts, and the State Fire Marshal shall be plaintiff in said action. The District Court shall hear and determine the appeal at the next regular term of District Court in the county where the said order was issued, and may sustain, modify or annul the order of the State Fire Marshal, and the decision of the District Court shall be final."

Since no appeal lies from the district court's judgment on the merits, plaintiff's action in mandamus was proper. Ex parte Williams, 102 Okla. 170, 228 P. 494. And since this appears to be a case of the first impression concerning as it does the denial of right to a jury trial in an appeal from the order of the Fire Marshal, we deem it to merit an opinion and shall not dispose of the case on order.

Section 317 does not vest the Fire Marshal with arbitrary, capricious or unreasonable powers. It is to be distinguished from somewhat similar acts of some states in that it provides for an appeal to the courts and a judicial review in a trial de novo. It is valid as against attacks upon its constitutionality. American Home Fire Assur. Co., etc., v. Mid-West Enterprise Co., (10 Cir.) 189 Fed. 2d 528.

In his brief plaintiff says that this action is one for condemnation or abatement of a fire hazard. Although the

word "nuisance" is not used therein, section 317 is an act authorizing the abatement of a fire hazard, which is a nuisance.

"A fire hazard is a nuisance and is none the less so because the act of 1915 failed to denominate it as such in such terms. . . ." Jackson v. Bell, etc., 143 Tenn. 452, 226 S. W. 207.

The State Fire Marshal is the public officer authorized to determine, in the first instance, the existence of a fire hazard. His finding was that the involved building was specially liable to fire and a real danger to life and property. The existence of such a fire hazard within the corporate limits of a city would constitute a public nuisance under 50 O. S. 1951 §2:

"A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal."

Not every issue of fact entitled a litigant to a jury trial.

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided." 12 O. S. 1951 §556.

"All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by jury, or referred as provided in this code." 12 O. S. 1951 §557.

As stated above, this is the first case to come before this court as to the right of trial by jury on appeal from the order of the State Fire Marshal. But we have heretofore held that a party is not entitled to a jury trial in actions for abatement of a nuisance.

"In an action by the state to abate a public nuisance, the defendant is not entitled to a jury trial." Balch v. State ex rel. Grigsby, Co. Atty., 65 Okla. 146, 164 P. 776.

In Gragg v. State ex rel. Selby, Co. Atty., 73 Okla. 132, 175 P. 201, we said that the proceeding was equitable in nature and that the parties were not entitled to a jury, either as a constitutional or statutory right, and we followed the holding in the Balch case.

In the more recent case of Goodall v. City of Clinton, 196 Okla. 10, 161 P. 2d 1011, we considered an action brought against the city and its board of health to enjoin them from carrying out an order of the board of health declaring a certain type of toilet to be a nuisance and directing abatement. We held that plaintiffs were not entitled to a jury trial.

Under authority of the foregoing cases the judgment of the trial court was correct.

Plaintiff discusses the distinctions between "nuisances per se" and "nuisances per accidens" and cites McPherson v. First Presbyterian Church, etc., 120 Okla. 40, 248 P. 561. The opinion is informative as to the distinctions, but it was tried as an equity case in which no one raised the question of right to a jury trial.

Plaintiff relies upon Keeter v. State ex rel. Saye, Co. Atty., 82 Okla. 89, 198 P. 866, which was an action for forfeiture of an automobile used in unlawfully transporting prohibited liquor. Demand for a jury trial was denied. Therein we reviewed various decisions by this court and held that under the facts of that case the denial of a jury trial was in violation of sec. 19, art. 2 of the Bill of Rights of the Constitution. In that case the court was dealing with the forfeiture of certain property ordinarily used for lawful purposes, and we held that an issue of fact having been joined as to use of the property for an unlawful purpose, plaintiff was entitled to have that issue determined by a jury. We recognized a distinction between such a case of forfeiture where one's property is being taken from him, and a case for the abatement of a nuisance. The Keeter case is not in

148

conflict with Balch v. State, supra, nor with Goodall v. City of Clinton, supra, having to do with abatement of nuisance.

Writ of mandamus denied.

HALLEY, V. C. J., and CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.